IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.*, | § § § | Case No. 22-90054 (MI) |
|  | § | **(Joint Administration Requested)** |
| Debtors.[1] | § § § | **(Emergency Hearing Requested)** |

**AMENDED <u>EMERGENCY</u> *EX PARTE*
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING
<u>ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT</u>**

> EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 4:00 P.M. (PREVAILING CENTRAL TIME) ON TUESDAY, MAY 10, 2022.
>
> IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.
>
> A HEARING WILL BE CONDUCTED ON THIS MATTER ON TUESDAY, MAY 10, 2022 AT 4:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 404, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.
>
> PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.
>
> AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE. THE MEETING CODE IS "JUDGEISGUR". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Talen Energy Supply, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this emergency *ex parte* application (the "**Application**"):

## Background

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2. The Debtors, together with their non-debtor affiliates (collectively, the "**Company**"), are one of the largest competitive energy and power generation companies in North America, owning and/or controlling approximately 13,000 megawatts of generating capacity in wholesale U.S. power markets in the mid-Atlantic, Massachusetts, Texas, and Montana. In addition to geographic diversity, the Company's generation fleet reflects significant technological and fuel diversity including nuclear, natural gas, oil, and coal, with certain of the Company's facilities capable of utilizing multiple fuel sources.

3. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Ryan Leland Omohundro in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "**Omohundro Declaration**"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Application, the Debtors seek entry of an order, pursuant to section 156(c) of title 28 of the United States Code, sections 105(a), 327, and 503(b) of the Bankruptcy Code, Bankruptcy Rules 2002(f), 2014(a), 2016, 6003, and 6004, and Bankruptcy Local Rule 2014-1(b), (i) appointing Kroll Restructuring Administration LLC ("**Kroll**"), formerly known as Prime Clerk LLC,[3] as claims, noticing, and solicitation agent (the "**Claims and Noticing Agent**") in the Debtors' chapter 11 cases, effective as of the Petition Date, pursuant to the provisions of the engagement agreement effective as of April 25, 2022 (the "**Engagement Agreement**"),[4] a copy of which is annexed hereto as **Exhibit A**, and (ii) granting related relief. In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Managing

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Omohundro Declaration.

[3] On March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's ownership structure.

[4] Kroll previously signed an engagement letter with certain of the Debtors' non-Debtor affiliates, including the Debtors' corporate parent, Talen Energy Corporation ("**TEC**"). Prior to commencing these chapter 11 cases, Kroll terminated its engagement with respect to TEC. Kroll has not and will not serve as a claims, noticing, and solicitation agent with respect to any of these non-Debtor entities in matters adverse to the Debtors or the Debtors' estate.

3

Director of Kroll (the "**Steele Declaration**"), annexed hereto as **Exhibit B** and incorporated herein by reference.

6. Emergency consideration of this Application is requested to effectuate the Debtors' transition into bankruptcy and to immediately begin providing effective notice of pleadings and orders to interested parties.

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

### Kroll's Retention

8. The Debtors seek to retain Kroll as the Claims and Noticing Agent for the Debtors in their chapter 11 cases to, among other things: (i) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and other parties in interest; (ii) provide computerized claims, objection, solicitation, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtors' chapter 11 cases, in accordance with the provisions of the Engagement Agreement. The Debtors' selection of Kroll to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Kroll's rates are competitive and reasonable given Kroll's quality of services and expertise. The terms of Kroll's retention are set forth in the Engagement Agreement.

9. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be thousands of persons and entities to be noticed and that many of these parties will file claims. In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of Kroll as Claims

4

and Noticing Agent will provide the most effective and efficient means of, and relieve the Debtors and/or the staff of the office of the Clerk of the Bankruptcy Court (the "**Clerk's Office**") of the administrative burden of, noticing, administering claims, and soliciting and tabulating votes and is in the best interests of both the Debtors' estates and their creditors.

### Kroll's Qualifications[5]

10. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large chapter 11 cases in various districts nationwide. Kroll's active and former cases include: *In re Washington Prime Group Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex.); *Automotores Gildemeister SpA*, No. 21-10685 (LGB) (Bankr. S.D.N.Y.); *Stoneway Capital Ltd.*, No. 21-10646 (JLG) (Bankr. S.D.N.Y.); *Sundance Energy Inc.*, No. 21-30882 (DRJ) (Bankr. S.D. Tex.); *Cyprus Mines Corporation*, No. 21-10398 (LSS) (Bankr. D. Del.); *Seadrill Limited*, No. 21-30427 (DRJ) (Bankr. S.D. Tex.); *Frontera Holdings LLC*, No. 21-30354 (MI) (Bankr. S.D. Tex.); *Yatsen Group of Companies Inc.*, No. 21-10073 (BLS) (Bankr. D. Del.); *Ferrellgas Partners, L.P.*, No. 21-10021 (MFW) (Bankr. D. Del.); *White Stallion Energy, LLC*, No. 20-13037 (LSS) (Bankr. D. Del.); *Guitar Center, Inc.*, No. 20-34656 (KRH) (Bankr. E.D. Va.); *KB US Holdings, Inc.*, No. 20-22962 (SHL) (Bankr. S.D.N.Y.); *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex.); *In re Unit Corporation*, No. 20-32740 (DRJ)

---

[5] Kroll's qualifications (as described herein) reflect its experience under its prior name, Prime Clerk LLC.

(Bankr. S.D. Tex.); *In re J. C. Penney Company, Inc.*, No. 20-20182 (DRJ) (Bankr. S.D. Tex.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

### Services to Be Provided

11. This Application pertains to the work to be performed by Kroll under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and under section 327(a) of the Bankruptcy Code. Under the Engagement Agreement, Kroll will perform the following services ("**Services**"), as the Claims and Noticing Agent, at the request of the Debtors or the Clerk's Office:

   i. assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (a) notice of any claims bar date; (b) notice of any proposed sale of the Debtors' assets; (c) notices of objections to claims and objections to transfers of claims; (d) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d); (e) notice of the effective date of any plan; and (f) all other notices, orders, pleadings, publications and other documents as the Debtors, Court, or Clerk may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

   ii. maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

   iii. maintain (a) a list of all potential creditors, equity holders and other parties-in-interest and (b) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

   iv. furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount, and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

   v. maintain a post office box or address for receiving claims and returned mail, and process all mail received;

vi. for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every seven days which includes (a) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (b) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (c) the manner of service, and (d) the date served;

vii. receive and process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

viii. provide an electronic interface for filing proofs of claim;

ix. provide public access to the claims register for each of the Debtors (collectively, the "**Claims Registers**"), including complete proofs of claim with attachments, if any, without charge;

x. maintain the official Claims Registers on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (a) the claim number assigned; (b) the date received; (c) the name and address of the claimant and agent, if applicable, who filed the claim; (d) the address for payment, if different from the notice address; (e) the amount asserted; (f) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.); and (g) any disposition of the claim;

xi. implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

xii. record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

xiii. relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, not less than weekly;

xiv. monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

xv. identify and correct any incomplete or incorrect addresses in any mailing or service lists;

xvi. assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as

|  |  |
|---|---|
|  | directed by the Debtors or the Court, including through the use of a case website and/or call center; |
| xvii. | provide docket updates via email to parties who subscribe for such service on the Debtors' case website; |
| xviii. | monitor the Court's docket in these chapter 11 cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error; |
| xix. | comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements; |
| xx. | if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's Office within three days of notice to Kroll of entry of the order converting the cases; |
| xxi. | thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases; |
| xxii. | within seven days of notice to Kroll of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the cases; |
| xxiii. | at the close of these chapter 11 cases, (a) box and transport all original documents, in proper format, as provided by the Clerk's Office, to the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154 or any other location requested by the Clerk's Office, and (b) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims; |
| xxiv. | assist the Debtors with plan-solicitation services including: (a) balloting; (b) distribution of applicable solicitation materials; (c) tabulation and calculation of votes; (d) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court; (e) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results; and (f) in connection with the foregoing services, process requests for documents from parties-in-interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders; |
| xxv. | assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith; |
| xxvi. | provide a confidential data room, if requested; |

xxvii. manage and coordinate any distributions pursuant to a chapter 11 plan; and

xxviii. provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement that may be requested from time to time by the Debtors, the Court, or the Clerk's Office.

**Kroll's Compensation**

12. The Debtors respectfully request that the undisputed fees and expenses incurred by Kroll in the performance of the Services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to section 156(c) of title 28 of the United States Code and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Engagement Agreement without further application to, or order of, the Court.

13. Kroll agrees to maintain records of all Services, showing dates, categories of Services, fees charged, and expenses incurred and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party-in-interest that specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14. Prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $50,000 (the "**Advance**"). Kroll seeks to first apply the Advance to all prepetition invoices and, thereafter, to have the Advance replenished to the original Advance amount, and to hold the Advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Kroll and its members, officers, employees,

9

representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting from Kroll's gross negligence, bad faith, or willful misconduct or as otherwise provided in the Engagement Agreement or Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a claims and noticing agent in these chapter 11 cases.

## Kroll's Disinterestedness

16. Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties-in-interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17. To the best of the Debtors' knowledge, Kroll is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as Kroll represents in the Steele Declaration, among other things, that:

   i. Kroll, its members and its employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, directors, officers, insiders, or employees of the Debtors;

   ii. Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

   iii. by accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

   iv. in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

   v. Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

10

vi. in its capacity as Claims and Noticing Agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

vii. Kroll shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers;

viii. Kroll will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of title 28 of the United States Code; and

ix. none of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's Office.

18. Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Relief Requested Should Be Granted

19. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the bankruptcy court, authorizes the Court to use "facilities" or "services" other than those of the Clerk for the administration of chapter 11 cases, and provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

20. Accordingly, section 156(c) of title 28 of the United States Code empowers the Court to utilize outside agents and facilities for noticing and claims purposes, provided the Debtors' estates pay the cost of such services. Therefore, and for all of the foregoing reasons, the Debtors believe that the retention of Kroll as their Claims and Noticing Agent is in the best interests of the Debtors, their estates, and their creditors. Furthermore, the Debtors respectfully submit that

11

the fees and expenses that would be incurred by Kroll under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

21. Additionally, the Debtors submit that the retention of Kroll under the terms described herein is appropriate under section 327(a) of the Bankruptcy Code, which empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Here, as discussed above, Kroll does not hold an interest that is adverse to the estates.

### Bankruptcy Rule 6003(a) Has Been Satisfied

22. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency *ex parte* consideration of this Application under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first 21 days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm. As described herein and in the Omohundro Declaration, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11. Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

23. To implement the foregoing successfully, the Debtors request that the Court find that notice of the Application satisfies Bankruptcy Rule 6004(a) and that the Court waive the 14-day period under Bankruptcy Rule 6004(h).

## Notice

24. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

25. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 10, 2022
The Woodlands, Texas

Respectfully submitted,

**Talen Energy Supply, LLC**
(and each of its affiliated debtors as Debtors and Debtors in Possession)


 */s/ Andrew M. Wright*
Name: Andrew M. Wright
Title:   General Counsel & Secretary

14

**Certificate of Service**

I hereby certify that on May 10, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

                                                                                          */s/ Gabriel A. Morgan*
                                                                                            Gabriel A. Morgan