IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.*, | § § § | Case No. 22-90054 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO PAY (A) CRITICAL VENDOR CLAIMS, (B) LIEN CLAIMS, (C) 503(b)(9) CLAIMS, AND (D) CO-OWNERSHIP OBLIGATIONS; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 9, 2022 (the "**Motion**")[2] of Talen Energy Supply, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363(b), 503(b)(9), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rule 9013-1, for entry of interim and final orders (i) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, in their sole discretion and based on their sound business judgment, prepetition (a) Critical Vendor Claims, (b) Lien Claims, (c) 503(b)(9) Claims, and (d) Co-Ownership Obligations, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Omohundro Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment and subject to the limitations described herein, to honor, pay, or otherwise satisfy the prepetition Critical Vendor Claims (or a portion thereof) in the amounts and categories described in the Motion not to exceed $40.2 million pending entry of the Final Order; pending entry of the Final Order; *provided* that as a prerequisite to making a payment pursuant to this Interim Order, the Debtors must receive written acknowledgement (email being sufficient) that such Critical Vendor will continue providing services to the Debtors on Customary Trade Terms on a post-petition basis. In the event the Debtors intend to exceed the category amounts detailed in the Motion prior to entry of the Final Order, the Debtors shall file a notice of the proposed overage and category with the Court.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment and subject to the limitations described herein, to honor, pay, or otherwise

satisfy the prepetition Lien Claims upon such terms and in the manner provided for in this Interim Order and in the amounts and categories described in the Motion not to exceed $23.3 million pending entry of the Final Order; pending entry of the Final Order; provided that as a prerequisite to making a payment pursuant to this Interim Order, the Debtors must receive written acknowledgement (email being sufficient) that such Lien Claimants will continue providing services to the Debtors on Customary Trade Terms.

3. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay, or otherwise satisfy the undisputed prepetition 503(b)(9) Claims, upon such terms and in the manner provided for in this Interim Order and in the Motion; *provided*, *however*, that payment on account of the 503(b)(9) Claims shall not exceed an aggregate amount of $30.1 million pending entry of the Final Order; *provided* that as a prerequisite to making a payment pursuant to this Interim Order, the Debtors must receive written acknowledgement (email being sufficient) that such 503(b)(9) Claimant will continue providing services to the Debtors on Customary Trade Terms on a post-petition basis. In the event the Debtors intend to exceed the category amounts detailed in the Motion prior to entry of the Final Order, the Debtors shall file a notice of the proposed overage and category with the Court.

4. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment and subject to the limitations described herein, to honor, pay, or otherwise satisfy the prepetition Co-Ownership Obligations upon such terms and in the manner provided for in this Interim Order and in the amounts and categories described in the Motion not to exceed $14.7 million pending entry of the Final Order;

In the event the Debtors intend to exceed the category amounts detailed in the Motion prior to entry of the Final Order, the Debtors shall file a notice of the proposed overage and category with the Court.

5.  Any party that accepts payments from the Debtors on account of a Vendor Claim (including Critical Vendor Claims) shall be deemed to have agreed to the terms and provisions of this Interim order.  Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Interim Order, the Debtors shall provide such Critical Vendor with a copy of this Interim Order (unless previously provided to such Critical Vendor).

6.  The Debtors shall undertake all appropriate efforts to cause the Vendors to enter into a Vendor Agreement, substantially in the form annexed to the Motion as Exhibit C, with the Debtors as a condition of payment of each such Vendor's Vendor Claims.  The Debtors are authorized to negotiate, modify, or amend the form of a Vendor Agreement (provided that any such modification or amendment must require the vendor to provide the trade terms set forth above) and to settle all or some of the Vendor Claims for less than the face amount of such claims without further notice or hearing, each in their reasonable business judgment.

7.  If, either after executing a Vendor Agreement or receiving notification of this Interim Order and the Disgorgement Procedures (as set forth in this paragraph 7), a Vendor accepts payment pursuant to the relief requested by the Motion and thereafter does not continue to provide the goods and services to the Debtors on the Customary Trade Terms (regardless of whether a Vendor Agreement has been executed), and subject to any Vendor Agreement that may be executed between the Debtors and such Vendor, 14 days after receipt by the Vendor of a notice of non-performance and if no objection with the Court has been filed:  (i) such payment may be deemed by the Debtors to be an improper postpetition transfer on account of a prepetition claim

4

and, therefore, will be immediately recoverable by the Debtors in cash upon written request; (ii) upon recovery by the Debtors of such payment, any prepetition claim of such Vendor shall be reinstated as if the payment by the Debtors had not been made in the first instance; and (iii) if there exists an outstanding postpetition balance due from the Debtors to such Vendor, then the Debtors may elect to recharacterize and apply any payment made by the Debtors to such Vendor pursuant to the relief requested by the Motion to such outstanding postpetition balance, and such Vendor will be required to repay to the Debtors such paid amounts exceeding the postpetition obligations then outstanding from the Debtors to such Vendor without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

8. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amount of any Vendor Claim.

9. Further, nothing herein shall prejudice the Debtors' ability to seek a further order from this Court authorizing the Debtors to exceed the aggregate amounts of any Vendor category as set forth herein during the interim period.

10. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid under the terms and conditions of this Interim Order (the "**Vendor Matrix**"), including the following information: (i) the category of amount paid, applied, offset or setoff as further described and classified in the Motion; (ii) the amount of the payment, application, offset or setoff by category; (iii) the Debtor or Debtors that made the payment, application, offset or setoff; (iv) the identity of the recipient of the payment, application, offset or setoff; and (v) the date of the payment, application, offset or setoff. The Debtors shall provide a copy of such matrix/schedule on a confidential and professionals' eyes only basis to the U.S. Trustee, the Unsecured Notes Group, and counsel to any statutory committee appointed in these chapter 11

cases by the 30th day of each month beginning upon entry of this Interim Order. The Debtors shall not be required to file or publish the Critical Vendor Matrix, *provided* that the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases to object to entry of the Final Order on the basis that publication pursuant to the Final Order should be required are expressly preserved.

11. Omitted.

12. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

13. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to the Vendor Claims, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

14. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these chapter 11 cases, which are expressly reserved, to object to any payment made pursuant to this order to an insider (as such term is defined in section

6

101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors. To the extent the Debtors intend to make a payment to an insider or an affiliate of an insider of the Debtors, the Debtors shall, to the extent reasonably practicable, provide three (3) business days' advance notice to, and opportunity to object by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; provided, that if any party objects to the payment, the Debtors shall not make such payment without further order of the Court.

15. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

16. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to the Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

17. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

18. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

WEIL:\98222913\29\76974.0003

8

19. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

21. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

22. A final hearing to consider the relief requested in the Motion shall be held on **June 8, 2022 at 3:30 p.m.** **(Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to June 3, 2022 **at 4:00 p.m. (Prevailing Central Time)**.

Signed: May 10, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

WEIL:\98222913\29\76974.0003