United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TALEN ENERGY SUPPLY, LLC, *et al.*, | § | Case No. 22-90054 (MI) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

### ORDER (I) AUTHORIZING DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND OTHER COMPENSATION, (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED OBLIGATIONS, AND (C) PAY PREPETITION EMPLOYMENT EXPENSES, AND (II) GRANTING RELATED RELIEF

Upon the motion, dated May 9, 2022 (the "**Motion**")[2] of Talen Energy Supply, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (the "Order") pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, for entry of an order (i) authorizing, but not directing, the Debtors to (a) pay all Employee Obligations, Other Compensation Obligations, and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party service providers and administrators and taxing authorities, (b) maintain, and continue to honor and pay amounts with respect to, the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified, amended, or supplemented from time to time in the ordinary course of business, and (c) pay prepetition employment expenses, and (ii) granting related relief, all as

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

WEIL:\98220994\35\76974.0003

more fully set forth in the Motion; and upon consideration of the Omohundro Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 507 of the Bankruptcy Code, to (i) pay all obligations incurred, directly or indirectly, under or relating to the Employee Obligations and related fees, costs, and expenses incident to the foregoing, including amounts owed to third-party administrators and providers and taxing authorities, in the ordinary course of business and (ii) maintain and continue to honor and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Dates and as such may be modified, amended, or supplemented from time to time in the ordinary course of business. The Debtors shall provide five

(5) days' advance notice to the U.S. Trustee, the Unsecured Notes Group, and any statutory committee appointed in these chapter 11 cases of any material changes or modifications to the programs and policies for their Employees and any new Employee compensation or Employee Benefit Plans.

2.  Nothing in the Motion or this Order waives or modifies the requirements of the Restructuring Support Agreement,[3] including, without limitation, the consent and consultation rights contained therein.

3.  Notwithstanding any other provision in this Order, the Debtors are authorized to continue the Employee Bonus Programs and the Employee Severance Obligations described in the Motion, in each case, in the ordinary course, including making any payments or satisfying any obligations to non-insiders with respect to the prepetition period; *provided, however*, that nothing in this Order shall authorize the Debtors to make any payments to "insiders" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code on account of the (i) Employee Bonus Programs that implicate section 503(c) of the Bankruptcy Code without further order of this Court and (ii) Employee Severance Obligations in excess of the limitation on such payments imposed by section 503(c) of the Bankruptcy Code without further order of this Court; and *provided further* that before making any single payment over the amount of $60,000 to non-insider Employees due and payable under the Employee Bonus Obligations and the Employee Severance Obligations, the Debtors shall provide ten (10) days' advance notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases of (a) the title of the Claimant and who the Claimant reports to in the corporate hierarchy, (b) the amount of the proposed payment to such Claimant, (c) the proposed payment date, (d) information about any metrics and performance

---

[3] "Restructuring Support Agreement" has the meaning ascribed to it in the Omohundro Declaration.

levels under the incentive plans, and (e) information about the actual performance levels triggering entitlement to incentive bonuses. The U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases may file an objection to any proposed payment within ten (10) days of notice, which objection shall be subject to resolution by the Court. The Debtors shall maintain a matrix or schedule of amounts paid pursuant to the Employee Bonus Programs and the Employee Severance Obligations subject to the terms and conditions of this Order, including the following information: (a) the name of the claimant paid; (b) the amount of the payment to such claimant; (c) the total amount paid to the claimant to date; (d) the payment date; and (e) the purpose of such payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases every thirty (30) days beginning upon entry of this Order.

4. The Debtors shall not make any bonus, incentive, or retention payments to any "insiders" (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubt, if a severance payment is being made to insiders in the ordinary course, it will not exceed the statutory caps set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

5. Nothing in the Order shall authorize the Debtors to make any payment to, or on behalf of, any Employee on account of prepetition Employee Compensation Obligations and Employee Benefits Obligations in excess of the statutory caps set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in available

4

funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

8. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

5

11. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: May 10, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

WEIL:\98220994\35\76974.0003