United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.,* | § § § | Case No. 22-90054 (MI) |
| Debtors.[1] | § § § § | (Jointly Administered) Re: Docket No. 10 |

**INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE INSURANCE PROGRAMS AND SURETY BOND PROGRAM, AND (B) PAY CERTAIN OBLIGATIONS WITH RESPECT THERETO; (II) GRANTING RELIEF FROM AUTOMATIC STAY WITH RESPECT TO WORKERS' COMPENSATION CLAIMS; AND (III) GRANTING RELATED RELIEF**

Upon the motion, dated May 9, 2022 (the "**Motion**")[2] of Talen Energy Supply, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003 and 6004, for entry of interim and final orders **(**i) authorizing, but not directing, the Debtors to (a) continue their Insurance Programs and Surety Bond Program in accordance with their applicable insurance policies and indemnity agreements and authority to continue to perform their obligations with respect thereto during these chapter 11 cases, and (b) pay any Insurance Obligations and Surety Bond Obligations; (ii) modifying the automatic stay to the extent necessary to permit the Debtors' employees to proceed with any claims they may have under the Workers' Compensation Program; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Omohundro Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, to continue their Insurance Programs and Surety Bond Program, and to pay or otherwise satisfy any Insurance Obligations and Surety Bond Obligations, whether such obligations arose before or after the Petition Date, in the ordinary course of business; *provided, however*, the Debtors will notify the U.S. Trustee and any statutory committee appointed in these chapter 11 cases if the Debtors renew, amend, supplement, place, extend, terminate, replace, increase, or decrease existing insurance coverage and surety coverage or change insurance or surety carriers, enter into

any new premium financing agreements, or obtain additional insurance, or surety coverage in a manner that would be materially inconsistent with the Debtors' current insurance and surety coverage.

2. The Debtors are authorized, but not directed, to reuse, extend, renew, rollover, replace, or obtain new insurance policies and surety bonds, including but not limited to those listed on **Exhibit C** and **Exhibit D** annexed to the Motion, and to take all appropriate actions in connection therewith, in the ordinary course of business. The Debtors are not authorized by this Interim Order to take any action with respect to a Surety Bond Program that would have the effect of transforming a prepetition undersecured or unsecured surety bond to a postpetition or secured obligation. Such relief may be sought by separate motion.

3. Nothing in the Motion or this Interim Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of, or basis for, any claims against the Debtors in connection with or relating to the Surety Bond Program and nothing in this Interim Order renders any claim by any third party based on a prepetition actual, potential, or asserted liability of the Debtors, which claim may or does result in a loss to a surety under the Surety Bond Program, into a postpetition claim or expense of administration.

4. Except as expressly set forth herein, to the extent any surety bond or any related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the assumption or postpetition reaffirmation of any such surety bond or related agreement under section 365 of the Bankruptcy Code.

5. The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, shall be modified to the extent necessary, without further order of the

Bankruptcy Court, to permit (i) claimants with valid Workers' Compensation Claims or direct action claims against an Insurance Carrier or a Third-Party Administrator under applicable non-bankruptcy law to proceed with their claims and (ii) an Insurance Carrier or a Third-Party Administrator to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Bankruptcy Court, (a) all Workers' Compensation Claims and (b) all claims where a claimant asserts a direct claim against an Insurance Carrier or a Third-Party Administrator.

6. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic funds transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

8. Nothing in this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the Bankruptcy Court's ultimate disposition of the Motion on a final basis.

9. The Debtors shall maintain a matrix/schedule of premium payments made pursuant to this Interim Order that includes the following information: (i) the names of the payee; (ii) the nature, date and amount of the payment; (iii) the category or type of payment; and (iv) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule on a confidential and professionals' eyes only basis to the U.S. Trustee, the Unsecured Notes Group, and counsel for any statutory committee appointed in these chapter 11 cases by the 30th day of each month beginning upon entry of this Interim Order.

10. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) an agreement or obligation to pay any claims; (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vi) an admission as to the validity of any liens satisfied pursuant to this Motion; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11. The Debtors' sureties, including, without limitation, Arch Insurance Company (collectively, the "**Sureties**") reserve all rights and arguments, including, without limitation, their rights under the Surety Indemnity Agreements, any collateral agreements, common law of suretyship, contract rights, indemnity, in any collateral, or otherwise.

12. Additionally, nothing in this Interim Order or in any order approving the Debtors' post-petition financing or use of cash collateral shall constitute a waiver by the Sureties

of, expressly or implicitly, the rights, claims and/or defense of the Sureties with respect to any bonds issued by any of the Sureties on behalf of the Debtors (the "**Surety Bonds**"), the Surety Indemnity Agreements, any and all collateral of the Sureties, including, without limitation, any letters of credit or the proceeds thereof, which shall remain in place and secure all obligations under the Surety Bonds and the Surety Indemnity Agreements, regardless of when the obligations arise.

13. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) and 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

17. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

18. Notwithstanding anything to the contrary, this Interim Order does not authorize the payment of any self-insured retentions or deductibles. Such relief may be sought at the hearing on entry of a final order.

19. A final hearing to consider the relief requested in the Motion shall be held on **June 8, 2022 at 3:30 P.M. (Prevailing Central Time)** and any objections or responses to the Motion shall be filed on or prior to **June 3, 2022 at 5:00 P.M. (Prevailing Central Time)**.

Signed: May 12, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

WEIL:\98624443\3\76974.0003