IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.*, | § § § | Case No. 22-90054 (MI) |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § § | Re: Docket Nos. 14, 17, 29, 116, 122, 127, 520 |

## DEBTORS' REPLY TO COMMITTEE'S OMNIBUS OBJECTION TO (I) DIP MOTION, (II) HEDGING MOTION, AND (III) CASH MANAGEMENT MOTION

Talen Energy Supply, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), file this reply ("**Reply**") in support of the Motions[2] and in response to the *Omnibus Response and Objection of Official Committee of Unsecured Creditors to Final Approval of Debtors' DIP Financing, Cash Management, and Hedging Motions* [Docket No. 520] (the "**Objection**"), filed by the official committee of unsecured creditors (the "**Committee**"), and respectfully represent as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] As used herein, the term "**Motions**" means, collectively, (i) the *Emergency Motion of Debtors for Interim and Final Orders (A) Authorizing the Debtors to Obtain Post-Petition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief* [Docket No. 17] (the "**DIP Motion**"), (ii) the *Emergency Motion of Debtors for Order (I) Authorizing Debtors to (A) Continue Performing Under Prepetition Hedging Agreements, (B) Enter Into and Perform Under New Postpetition Hedging Agreements, and (C) Grant Related Liens and Superpriority Claims and Authorize Posting of Margin Collateral and Postpetition Exchange Collateral, (II) Modifying Automatic Stay, and (III) Granting Related Relief* [Docket No. 29] (the "**Hedging Motion**"), and (iii) the *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Utilizing Employee Credit Cards and BIP/SIP Programs; and (II) Granting Related Relief* [Docket No. 14] (the "**Cash Management Motion**").

**Preliminary Statement**

1. Since the Committee was formed on May 23, 2022 (the "**Committee Formation Date**"), the Debtors, their management team, and their advisors have worked diligently with the Committee and its advisors to address issues raised with respect to each of the Debtors' first-day motions. The Debtors (i) promptly responded to the Committee's numerous diligence requests, holding frequent meetings and calls with the Committee's advisors, (ii) accommodated the Committee's requests for reporting, notice, and other various requirements in the proposed final orders, (iii) resolved concerns with various first-day orders, and (iv) adjourned certain of the other first-day motions to June 17, 2022 (nearly a month after the Committee Formation Date) to provide the Committee with additional time to diligence relief sought.

2. Although the Debtors disagree with and dispute many of the legal arguments and factual allegations taken by the Committee in the Objection (with respect to all three motions), the Debtors have made significant progress resolving the Committee's objections, as summarized below:

- *Hedging Motion*. All of the Committee's objections to the Hedging Motion have been resolved as a result of the Debtors' agreement to include certain changes reflected in the form of order attached hereto as **Exhibit A** (the "**Proposed Final Hedging Order**") and a redline of the Proposed Final Hedging Order against the Interim Hedging Order is attached hereto as **Exhibit B** (the "**Hedging Order Redline**").

- *Cash Management Motion*. The Debtors have agreed to adjourn the final hearing on the Cash Management Motion in order to provide the Committee with additional time to review the diligence that the Debtors provided on Intercompany Transactions and to hold a meeting between the Debtors' management team and their advisors and the Committee and its advisors to discuss such transactions.

- *DIP Motion*. The Debtors believe they have resolved all of the Committee's objections to the DIP Motion except for two issues: (1) the length of the

2

Challenge Period[3] and (2) the Committee's objection to the granting of DIP Liens and Adequate Protection Liens on the proceeds of Avoidance Actions (the "**Avoidance Action Proceeds**"). The Debtors intend to submit a proposed Final DIP Order and redline against the Interim DIP Order on June 16, 2022.

3. The Debtors, the DIP Lenders, and the Committee are continuing to have productive discussions to resolve the Committee's objection to the inclusion of Avoidance Action Proceeds as collateral under the Final DIP Order and the Debtors are hopeful that this issue will be resolved ahead of the final hearing on the DIP Motion. Accordingly, the focus of this Reply is on the Committee's request for an extended Challenge Period; however, the Debtors disagree with the Committee's stated position that granting DIP Liens and Adequate Protection Liens on Avoidance Action Proceeds is not appropriate in these cases and reserve all rights to present argument and evidence on this issue (and any other unresolved issues) at the June 17 hearing.

4. The Committee demands that its Challenge Period be extended to 90 days following entry of the Final DIP Order, which is approximately 115 days from the Committee Formation Date. This would significantly postpone the proposed timeline for the chapter 11 plan process supported by the Debtors and the RSA Parties. In response to the Committee's request for an extension, the Debtors are prepared to extend the Committee's Challenge Period from July 11, 2022 (*see* Interim DIP Order, ¶ 25) to August 8, 2022. The Debtors' proposed 77-day Challenge Period (from the Committee Formation Date) (i) exceeds the 60 days from the Committee Formation Date required under the *Procedures for Complex Cases in the Southern District of Texas* (the "**Complex Case Procedures**") and (ii) is subject to extension for cause shown (or by agreement of the parties). *See* [Final DIP Order, ¶ 25]; Complex Case Procedures ¶ 9. As further

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in *Interim Order (A) Authorizing the Debtors to Obtain Post-Petition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final Hearing, and (G) Granting Related Relief*, dated May 11, 2022 [Docket No. 127] (the "**Interim DIP Order**").

discussed below, the proposed Challenge Period provides the Committee and its advisors with adequate time to complete their investigation, while also allowing the Debtors to pursue confirmation of a chapter 11 plan on a prompt timeline.

5. Accordingly, for the reasons set forth herein, the Debtors respectfully request that the Court overrule the Committee's request for an extended Challenge Period.

## Reply

### I. Objections to DIP Motion Should Be Overruled

#### A. *The Length of Challenge Period Is Reasonable and Appropriate*

6. The Debtors and DIP Lenders have agreed to extend the Challenge Period for the Committee to August 8, 2022 (77 days after the Committee Formation Date), subject to extension by agreement of the parties, or any later date as has been ordered by the Court for cause shown upon a motion filed. The Debtors' proposed Challenge Period balances (i) the time needed by the Committee to exercise its duties with (ii) the Debtors' pursuit of confirmation on a prompt timeline in satisfaction of their overarching duty to maximize the value of the estates by implementing the transaction contemplated in the Restructuring Support Agreement without delay. In addition, the Debtors' proposed Challenge Period is fair and reasonable, and does not prejudice the Committee given that it exceeds what is required under the Complex Case Procedures and is subject to extension for cause shown or by agreement of the parties.

7. The timeline proposed by the Committee in its Objection would set expiration of the Challenge Period on or around September 15, 2022, which is 115 days after the Committee Formation Date. *See* Objection ¶¶ 7, 23, 27. This is nearly *double* the 60-day period

required by the Complex Case Procedures and generally inconsistent with the length of challenge periods approved by this Court in comparably large and complex chapter 11 cases.[4]

8. As the Debtors have communicated to the Committee and several other parties in interest, the Debtors intend to request that the Court hold a hearing to consider approval of their disclosure statement on or around August 15, 2022, with a corresponding objection deadline on or around August 8, 2022. To move forward with solicitation of their chapter 11 plan in mid-August, the Debtors need to know what causes of action, if any, the Committee wishes to assert and pursue against parties in interest—namely the Prepetition First Lien Secured Parties—on or before the deadline for parties to submit objections to the proposed disclosure statement. Thus, if the Challenge Period were to be delayed beyond the 77 days proposed by the Debtors, the Debtors' hearing to consider approval of the disclosure statement would be delayed as well, and so too would all subsequent case deadlines and milestones.

9. Although the Restructuring Support Agreement has a later outside date for obtaining approval of the Debtors' disclosure statement, the Debtors intend to continue satisfying milestones ahead of the outside dates set forth in the Restructuring Support Agreement and confirm a chapter 11 plan as soon as reasonably practicable to preserve the value of the estates for the benefit of creditors. Indeed, on June 13, 2022, the Debtors filed a motion seeking, among other

---

[4] *See* Complex Case Procedures ¶ 9; *see also In re Washington Prime Grp. Inc.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 8, 2021) [Docket No. 267] (approving challenge period of 73 days after committee formation); *In re Tailored Brands, Inc.*, No. 20-33900 (MI) (Bankr. S.D. Tex. Sept. 2, 2020) [Docket No. 512] (approving challenge period of 76 days after committee formation); *In re Denbury Res. Inc.*, No. 20-33801 (DRJ) (Bankr. S.D. Tex. Aug. 31, 2020) [Docket No. 255] (approving challenge period of 60 days after committee formation); *In re California Res. Corp.*, No. 20-33568 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2020] [Docket No. 401] (approving challenge period of 63 days after committee formation); *In re NPC Int'l, Inc.*, No. 20-33353 (DRJ) (Bankr. S.D. Tex. Aug. 5, 2020) [Docket No. 373] (approving challenge period of 80 days after committee formation); *In re Bruin E&P Partners, LLC*, No. 20-33605 (MI) (Bankr. S.D. Tex. Aug. 4, 2020) [Docket No. 148] (approving challenge period of 60 days after committee formation); *In re Speedcast Int'l Ltd.*, No. 20-32243 (MI) (Bankr. S.D. Tex. May 20, 2020) [Docket No. 239] (approving challenge period of 61 days after committee formation); *In re EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Nov. 25, 2019) [Docket No. 482] (approving challenge period of 74 days after committee formation).

things, authorization to enter into their Backstop Commitment Letter [Docket No. 524], thereby satisfying another major milestone well ahead of the outside date set forth in the Restructuring Support Agreement—and a necessary step toward approval of a disclosure statement in mid-August and confirmation of the plan in late September.

10. Accordingly, the Debtors request that the Court overrule the Committee's Objection to the length of the Challenge Period and approve the Final DIP Order with a Challenge Period that expires on August 8, 2022.

B. *Reservation of Rights Regarding Any Other Potential Unresolved Objections*

11. As discussed above, the Debtors, the DIP Lenders, and the Committee are in ongoing discussions to resolve the balance of the issues raised in the Committee's Objection. If, however, the parties are unable to resolve any of these remaining issues consensually, the Debtors reserve all rights to supplement this Reply with additional argument and/or evidence, including at the final hearing on the DIP Motion.

II. **Reservation of Rights Regarding Committee's Objection to Cash Management Motion**

12. The Committee's Objection to the Cash Management Motion is focused primarily on the Debtors' intention to continue ordinary course transactions with its Non-Debtor Affiliates (as defined in the Cash Management Motion), in particular, Cumulus. The Debtors are not asking for unusual or extraordinary relief in the Cash Management Motion, nor are they seeking Court authority to engage in non-ordinary course activities. The Debtors' Intercompany Transactions (as defined in the Cash Management Motion), including those related to the Cumulus Project, are in the ordinary course of the Debtors' business and therefore presumptively authorized under section 363(c) of the Bankruptcy Code. The Debtors' investment in Cumulus is not new— development of the Debtors' infrastructure investments and energy transition strategy was

announced in late 2020 and the Debtors have provided significant detail about these intercompany relationships, including in the First Day Declaration and at the first hearing before the Court on May 10, 2022 (the "**First Day Hearing**"). *See* First Day Declaration ¶¶ 51–61; *see also* May 10, 2022 Hr'g Tr. at 19:20–22:21 [Docket No. 203]. The Debtors believe the Committee does not yet fully appreciate this aspect of the Debtors' business or the transitions taking place in the Debtors' industry more generally. In order to provide the Committee and its advisors with further opportunity to diligence and understand the Debtors' Intercompany Transactions, the Debtors have scheduled a meeting between the Debtors' management team and members of the Committee to discuss the Cumulus Project and have invited the Committee members to attend the Cumulus site in person, so that they can see firsthand the Cumulus Project's integration into the Debtors' business. To facilitate this continued engagement between the Debtors and the Committee, the Debtors have determined to adjourn the final hearing on their Cash Management Motion to a later date.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

For the foregoing reasons, and for the reasons set forth in the Motions, the Debtors respectfully request that the Court overrule the Committee's objections to the DIP Motion and grant such other and further relief as the Court deems just and proper.

Dated: June 16, 2022
      Houston, Texas

    /s/ Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Gabriel.Morgan@weil.com
      Clifford.Carlson@weil.com

– and –

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Alexander Welch (admitted *pro hac vice*)
Katherine Lewis (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
      Alexander.Welch@weil.com
      Katherine.Lewis@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that, on June 16, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ Gabriel A. Morgan*
                                                Gabriel A. Morgan