IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.,* | § § | Case No. 22-90054-11 (MI) |
| Debtors.[1] | § § | Judge Marvin Isgur |
| | § § § § | (Jointly Administered) |

**REPLY OF CITIBANK, N.A. IN SUPPORT OF DEBTORS' EMERGENCY
MOTION FOR ENTRY OF A FINAL ORDER (A) AUTHORIZING DEBTORS
TO OBTAIN POSTPETITION FINANCING, (B) AUTHORING THE
DEBTORS TO USE CASH COLLATERAL, (C) GRANTING LIENS AND
PROVIDING CLAIMS WITH SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION TO THE
PREPETITION FIRST LIEN SECURED PARTIES, (E) MODIFYING THE
<u>AUTOMATIC STAY, AND (F) GRANTING RELATED RELIEF</u>**

Citibank, N.A., as administrative agent and postpetition collateral trustee under the Debtors' DIP Facilities[2] and Prepetition Collateral Trustee (collectively, the "**Agent**"), through its undersigned counsel, hereby files this reply to the objection of the Official Committee of Unsecured Creditors (the "**Committee**") [ECF No. 520] (the "**Committee Objection**") to the *Emergency Motion of Debtors for Entry of a Final Order (A) Authorizing the Debtors to Obtain Position Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority and Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (E) Modifying the Automatic Stay, and*

---

[1] A complete list of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Motion or Proposed Final Order (each as defined herein).

*(F) Granting Related Relief* (the "**DIP Motion**"), hereby joins Section I of the reply to the Committee Objection filed by the Debtors [ECF No. 558] (the "**Debtors' Reply**"), and respectfully submits as follows:

## REPLY

1.  Over the past several months, the Agent, along with a critical mass of the Prepetition First Lien Secured Parties and other stakeholders, has engaged diligently with the Debtors to ensure access to robust financing for these Chapter 11 Cases. The Debtors have benefitted from a smooth start to the Chapter 11 Cases and have been able to continue to progress their proposed restructuring on a speedy timeline. This would not have been possible without the Debtors first having secured the DIP Facilities, a $1.75 billion dollar financing package that includes, among other things, (a) access to $1.3 billion in new money, (b) uninterrupted access to (and new commitments to extend) a $457 million letter of credit facility, and (c) minimal case controls (*i.e.*, milestones only for entry of a final order approving the DIP Facilities and plan confirmation a full year after the Petition Date).

2.  The Debtors arrived at the DIP Facilities after an exhaustive, multi-week marketing process that entailed countless rounds of hard-fought negotiations with potential lenders, including the Agent and the Prepetition Revolving Lenders. This process resulted in terms for the DIP Facilities that were significantly more favorable to the Debtors than those originally proposed, and ultimately led to a DIP Financing that combined elements of multiple parties' proposals into the best and only comprehensive postpetition financing solution that satisfied all of the Debtors' financial, operational, and regulatory needs. *See* Shah Decl. at ¶¶ 16–19.

3.  It is beyond peradventure that the Debtors' could never have achieved such advantageous terms without negotiating the DIP Facilities as a comprehensive package, ensuring that the Agent, the requisite Prepetition First Lien Secured Parties, and the DIP Lenders were

sufficiently protected in their positions and satisfied with each element of the construct as negotiated in detail from the term sheet stage through to the Petition Date, and willing to transact on those terms.

4. Notably, although it initially filed a lengthy omnibus objection (which is now almost fully resolved), the Committee recognized the immense value of the DIP Facilities to the Debtors, agreeing "that many aspects of the DIP Facilities are quite favorable for the Debtors' estates and are consistent with market terms." *See* Committee Objection at ¶ 2. And accordingly, the Committee raised "no objection to the size of the DIP Facilities, the associated fees or economic terms, or the marketing process related thereto." *Id.*

5. Since the commencement of the Chapter 11 Cases, the Agent and its advisors have maintained active dialogue with the Debtors, the Committee, various secured creditor groups, and other stakeholders in an effort to achieve the broadest possible consensus around the DIP Facilities. With respect to the Committee, in particular, the Agent has proactively sought engagement and encouraged a fulsome review of the DIP Facilities. In response to a substantial "issues list" initially received from the Committee that requested material changes in the economic and legal rights of the DIP Lenders and Prepetition First Lien Secured Parties, the Agent has worked tirelessly toward a global resolution, proposing and agreeing to every compromise permitted by the various, and sometimes conflicting, interests and demands of the DIP Lenders, Prepetition First Lien Secured Parties, and other stakeholders.

6. These ongoing efforts have now led to broad agreement on the DIP Motion. Earlier today, the Debtors filed the proposed final order [ECF No. 559] (the "**Proposed Final Order**"). The Agent understands that the consensual changes reflected in the Proposed Final Order resolve nearly all of the concerns raised by all stakeholders, including the Committee.

7. In fact, of the nearly 20 concerns raised in the Committee Objection, the only issue that is expected to remain unresolved as of the final hearing is the length of the challenge period provided for in the Proposed Final Order, which the Committee contends is insufficient. *See* Committee Objection at ¶¶ 24–30.

8. The Proposed Final Order includes a challenge period that expires on August 8, 2022. Proposed Final Order at ¶ 25. Under the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**"), the challenge period is set at 60 days from the formation of an official committee of unsecured creditors, subject to extension by the agreement of the committee, lenders, and/or other interested parties, or by order of the Court. Complex Case Procedures at ¶ 9. In this case, the Proposed Final Order contemplates a challenge period well in excess of what is required by the Complex Case Procedures—77 days from the appointment of the Committee.

9. Similar challenge periods are typical in this district. *See, e.g.*, *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. September 15, 2020) [ECF No. 306] (providing a 60-day challenge period from the entry of the final order); *In re Ultra Petrol. Corp.*, Case No. 20-32631 (MI) (Bankr. S.D. Tex. June 16, 2020) [ECF No. 293] (providing a 78-day challenge period from the petition date); *In re Hornbeck Offshore Servs., Inc.*, Case No. 20-32679 (DRJ) (Bankr. S.D. Tex. June 15, 2020) [ECF No. 166] (providing for a 60-day challenge period from the entry of the final order); *In re Pioneer Energy Servs. Corp.*, Case No. 20-31425 (DRJ) (Bankr. S.D. Tex. Apr. 07, 2020) [ECF No. 186] (providing for a 60-day challenge period from the appointment of the unsecured creditors committee); *In re Am. Commercial Lines Inc.*, Case No. 20-30982 (MI) (Bankr. S.D. Tex. Mar. 5, 2020) [ECF No. 202] (providing for a 60-day challenge period from entry of the final order); *In re Alta Mesa Resources, Inc.*, Case No. 19-

35133 (MI) (Bankr. S.D. Tex. Feb. 11, 2020) (providing for a 60-day challenge period from the from the appointment of the appointment of the unsecured creditors committee) [ECF No. 1137].

10. The Committee has asserted that the facts and circumstances of this case merit a longer challenge period and has suggested that there may be particular defects with respect to one of the prepetition secured instruments. *See* Committee Objection at ¶ 25. In contrast, the Agent understands that the Debtors believe that the current timeline is necessary to comport with their proposed case calendar and objectives for emergence.

11. The Agent recognizes that the objectives of both parties are in direct tension, and the Agent, DIP Lenders, and Prepetition First Lien Secured Parties have sought to be constructive in coming to a resolution with the Committee and the Debtors on the length of the challenge period. However, as noted above, the current challenge period is well within legal bounds and consistent with precedent.

12. Further, although the Committee has suggested that there may be defects with respect to one particular facility secured by the Prepetition Collateral Trust Liens, the Agent has no reason to believe that there are any defects with respect to any Prepetition Collateral Trust Liens or any instrument that benefits from those liens or that such liens are invalid, avoidable, or otherwise subject to challenge in any way.

13. For the foregoing reasons, and those set forth by the Debtors in the Motion, supporting declarations and Section I of the Debtors' Reply, the Agent respectfully submits that

the Court should overrule any outstanding objections and enter the otherwise consensual Proposed Final Order.

## **RESERVATION OF RIGHTS**

14. For the avoidance of doubt, the Agent reserves its rights to supplement this Reply to the extent that additional issues raised in the Committee Objection, which the Agent currently believes to be resolved, are for any reason not agreed and/or continue to be asserted as objections before the Court.

[*Remainder of Page Intentionally Left Blank*]

Dated:    Houston, Texas
          June 16, 2022

By: */s/ Charles A. Beckham, Jr.*
**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr.
Texas State Bar No. 02016600
Arsalan Muhammad
Texas State Bar No. 24074771
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: arsalan.muhammad@haynesboone.com

**COUNSEL FOR CITIBANK, N.A.**

By: */s/ Damian S. Schaible*
**DAVIS POLK & WARDWELL LLP**
Damian S. Schaible (admitted *pro hac vice*)
David Schiff (admitted *pro hac vice*)
Nate Sokol (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: damian.schaible@davispolk.com
Email: david.schiff@davispolk.com
Email: nate.sokol@davispolk.com

**COUNSEL FOR CITIBANK, N.A.**