IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.*, | § § | Case No. 22-90054 (MI) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | |

**STIPULATION AND AGREED ORDER PERMITTING PENSION
BENEFIT GUARANTY CORPORATION TO FILE CONSOLIDATED
PROOFS OF CLAIM IN THE CASE OF TALEN ENERGY SUPPLY, LLC**

Talen Energy Supply, LLC and its affiliated debtors and debtors in possession in the above-captioned jointly administered cases (collectively, the "**Debtors**") and the Pension Benefit Guaranty Corporation (the "**PBGC**") by and through their respective undersigned counsel, hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**"):

**RECITALS**

A.   Commencing on May 9, 2022, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").  By an order entered on May 10, 2022 [Docket No. 30] and subsequently amended on May 20, 2022 [Docket No. 256], the Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 22-90054 (MI).

B.   Kroll Restructuring Administration LLC is the Debtors' court-approved claims and noticing agent ("**Claims Agent**") in these jointly administered chapter 11 cases [Docket No. 59].

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

C. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D. On May 18, 2022, the Court entered an order [Docket No. 237] (the "**Bar Date Order**") that established August 1, 2022 at 5:00 p.m. (Prevailing Central Time) as the general bar date (the "**General Bar Date**").

E. Section 502(b)(9)(A) of the Bankruptcy Code and Rule 3003-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**") provides that, unless otherwise ordered by the Court, the deadline for all governmental units to file proofs of claim against a debtor is 180 days after the date of entry of the order of relief. Accordingly, the deadline for governmental units to file Proofs of Claim against any of the Debtors is November 7, 2022 at 5:00 p.m. (Prevailing Central Time) (the "**Governmental Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").

F. PBGC asserts that each Debtor either sponsors a defined benefit pension plan covered under Title IV of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**") 29 U.S.C. §§ 1301-1461 (2018), or is a member of such sponsor's controlled group as defined in 29 U.S.C. § 130l(a)(14). PBGC is the United States government corporation that administers the Title IV defined benefit pension plan termination insurance program.

G. The Debtors and PBGC have identified the Talen Energy Retirement Plan and the Talen Montana Retirement Plan (collectively, the "**Pension Plans**") as two pension plans in the Talen Energy Supply, LLC controlled group that are covered by Title IV of ERISA.

H. PBGC has concluded that, absent this Stipulation and Agreed Order, it would be required to file three separate proofs of claim against each Debtor with respect to each Pension

2

Plan, representing contingent and other claims for which PBGC asserts that the Debtors are jointly and severally liable to the Pension Plans and to PBGC under 29 U.S.C. §§ 1082, 1307 and 1362.

   I.  As of the date of entry of this Stipulation and Agreed Order, 72 Debtors have filed for chapter 11 protection.  Consequently, PBGC believes it would be required to file 216 proofs of claim for each Pension Plan, or 432 separate proofs of claim altogether.

   J.  Filing and administering 432 separate proofs of claim would impose a significant and unnecessary administrative burden on the Debtors, the Claims Agent, PBGC, and the Court.

   **NOW THEREFORE**, it is hereby ordered, agreed and stipulated as follows:

   1.  Notwithstanding anything in the Bar Date Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, or any other order of this Court that would otherwise require PBGC to file a separate proof of claim against each Debtor on account of each claim asserted against such entity, PBGC, on its own behalf or on behalf of the Pension Plans, may file proofs of claim and amendments thereto in Case No. 22-90054 (the "**Lead Case**"), and any such proof of claim shall (i) be deemed to be filed in the Lead Case and in each of the cases of the other 71 debtor affiliates and (ii) represent a proof of claim asserted against each of the 72 Debtors.

   2.  To the extent that PBGC desires to file a proof of claim against a Talen Energy Supply, LLC debtor affiliate that commences a chapter 11 cases after the date of entry of this Stipulation and Agreed Order (a "**Future Debtor Affiliate**"), the Debtors and PBGC may agree in writing (email being sufficient), without further order of the Court, that any proof of claim filed by PBGC in the Lead Case shall be deemed to be filed in the chapter 11 case of the Future Debtor Affiliate.

3

3. Unless the Debtors and PBGC expressly agree otherwise, this Stipulation and Agreed Order shall apply to any amendments that PBGC may make to any timely filed proof of claim against any of the Debtors.

4. The Debtors reserve all rights with respect to such amendments, including but not limited to their right to object on the grounds that such amendments exceed the scope of the original claims asserted, or are not otherwise permitted by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules, or on any other grounds not inconsistent with this Stipulation and Agreed Order.

5. This Stipulation and Agreed Order is intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any of the Debtors, any affiliate of Talen Energy Supply, LLC, PBGC, or any other party in interest, including the right to object to or defend any asserted PBGC claim. Without limiting the foregoing, the rights of the Debtors, PBGC, and all other parties in interest with respect to the allowance, disallowance, amount, or priority of PBGC's asserted claims or any objection, defense, offset, disallowance, subordination, or counterclaim with respect thereto are preserved.

6. Nothing in this Stipulation and Agreed Order shall constitute an admission of fact or liability with respect to any asserted claims or proofs of claim that may be filed by or on behalf of PBGC or the Pension Plans.

7. This Stipulation and Agreed Order may not be modified, amended, or vacated other than by a signed writing executed by the Parties.

8. This Stipulation and Agreed Order shall be effective immediately upon entry by the Court.

9. This Stipulation and Agreed Order is and shall be binding on the Parties and their successors and assigns.

10. The Court retains jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**IT IS SO ORDERED.**

Signed: _____, 2022
Houston, Texas

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 17TH DAY OF JUNE, 2022:**

    /s/  Carolyn J. Lachman
**PENSION BENEFIT GUARANTY CORPORATION**
Joel W. Ruderman, Assistant General Counsel
Carolyn J. Lachman, Attorney
Sarah E. Meiman, Attorney
Office of the General Counsel
1200 K Street NW
Washington, DC 20005-4026
Tel: (202) 229-3601
Facsimile: (202) 326-4138
Email:  ruderman.joel@pbgc.gov
        lachman.carolyn@pbgc.gov
        meiman.sarah@pbgc.gov

*Counsel to Pension Benefit Guaranty Corporation*

        <u>  /s/  Gabriel A. Morgan                              </u>
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Alexander Welch (admitted *pro hac vice*)
Katherine Lewis (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
        Alexander.Welch@weil.com
        Katherine.Lewis@weil.com

*Counsel to the Debtors and Debtors in Possession*