# EXHIBIT A

*Transcript Excerpts - June 10, 2022 Hearing*

```
 1                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3   TALEN ENERGY SUPPLY, LLC and  )  CASE NO. 22-90054
     TALEN TECHNOLOGY VENTURES,    )
 4   LLC,                          )  Houston, Texas
                                   )
 5             Debtor.             )  Friday, June 10, 2022
                                   )  9:30 a.m. to 11:34 a.m.
 6   ------------------------------)

 7                    MOTION FOR RELIEF FROM STAY
                  BEFORE THE HONORABLE MARVIN ISGUR
 8                  UNITED STATES BANKRUPTCY JUDGE

 9   APPEARANCES:

10   For Debtor:              PAUL GENENDER, ESQ.
                              WEIL GOTSHAL & MANGES
11                            700 Louisiana
                              Suite 1700
12                            Houston, TX 77002

13                            JESSICA LIOU, ESQ.
                              WEIL GOTSHAL & MANGES
14                            766 Fifth Avenue
                              New York, NY  10153
15
     For Northwest Utilities: JOHN KAPLAN, ESQ.
16                            PERKINS COIE LLP
                              1201 Third Avenue
17                            Suite 4900
                              Seattle, WA  98101
18
     For North Western        H. JOSEPH ACOSTA, ESQ.
19   Corporation:             JAY JACKSON, ESQ.
                              DORSEY & WHITNEY LLP
20                            300 Crescent Court
                              Suite 400
21                            Dallas, TX  75201

22   Court Reporter/Deputy:   A. BANDA

23

24

25
```

```
 1    Transcribed by:          Veritext Legal Solutions
                               330 Old Country Road, Suite 300
 2                             Mineola, NY 11501
                               Tel: 800-727-6396
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
      Proceedings recorded by electronic sound recording;
24    Transcript produced by transcription service.

25
```

1    Jay Jackson?

2              THE COURT:  Mr. Jackson, good morning and I can
3    hear you fine.

4              MR. JACKSON:  If I can address this from North
5    Western's point of view, perhaps that'll help.

6              THE COURT:  Sure.

7              MR. JACKSON:  A couple of years ago there was an
8    effort to sell one of the Pacific Northwest owner's
9    interest, it was Puget Sound Energy's interest in the units
10   -- in unit 3.  Talen also participated in that effort to
11   purchase Puget Sound Energy's interest.

12             Puget Sound Energy, as I understand it, presented
13   the contract and the proposal to their regulator in the
14   State of Washington and the regulator effectively put the
15   kibosh on it.  As a result, the contract was abandoned and
16   the sale was abandoned as well.

17             As it relates to abandoning the facility, the
18   reason that that's difficult, as I understand the system
19   works, is that North Western and Talen want to continue to
20   operate it.  It costs a lot of money on an annual basis to
21   operate.  Each of the owners participate in paying for the
22   budget, to continue to operate it, maintain it, and keep it
23   operating at a public utility practice level.

24             It would not work for the Pacific Northwest owners
25   to abandon their interests because it would leave North

1    ==Western and Talen with the obligation to continue to fund==
2    ==it.==  ==We would then look back to the Pacific Northwest owners==
3    ==to continue to have them contribute.==
4              And so the options, at least from our perspective
5    is, if there's a way to sell -- right now it does not appear
6    that that seems feasible and so the Pacific Northwest owners
7    have proceeded to act in a way that they want to close the
8    facility and comply with the State of Washington's
9    regulations and statute.
10             THE COURT:  So the Talen side wants to leave it
11   open and to charge the people who want to keep it -- who
12   want to close it for keeping it open?
13             MR. JACKSON:  Unless the facility were closed
14   pursuant to an action permitted under the ownership and
15   operation agreement as interpreted by the arbitration
16   proceeding.  They would continue to have an obligation to
17   fund the annual operation of units 3 and 4.
18             THE COURT:  Is the facility sellable?
19             MR. JACKSON:  That's an interesting question and I
20   must say, Your Honor, I don't know the answer to that.  It's
21   -- I guess maybe the best way to put it is it's sellable to
22   a party other than one of the current owners, which would be
23   in this case would either be North Western and Talen.  Is it
24   sellable to somebody else, I do not know?
25             THE COURT:  Does anyone know here?  Because I --

```
 1                        CERTIFICATION
 2
 3    I certify that the foregoing is a correct transcript from
 4    the electronic sound recording of the proceedings in the
 5    above-entitled matter.
 6    matter.
 7
 8    _____
 9    SHEILA ORMS
10
11
12
13
14    Veritext Legal Solutions
15    330 Old Country Road
16    Suite 300
17    Mineola, NY 11501
18
19    Date:   June 14, 2022
20
21
22
23
24
25
```