United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.,* | § § | Case No. 22-90054 (MI) |
| Debtors.[1] | § § | (Jointly Administered) |
| | § § | Re: Docket No. 393 |

### ORDER (I) ESTABLISHING PROCEDURES FOR FILING PROOFS OF CLAIM; AND (II) GRANTING RELATED RELIEF

Upon the motion, dated June 3, 2022 (the "**Motion**")[2] of Talen Energy Supply, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for an order (the "**Order**") establishing procedures for filing certain claims pursuant to sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "**Bankruptcy Code**") Rules 2002, 3001, 3003(c)(3), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

notice need be provided; and this Court having reviewed the Motion; and no objection having been filed; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Except as explicitly extended or modified pursuant to the Procedures outlined in this Order, (i) the General Bar Date is **August 1, 2022 at 5:00 p.m. (prevailing Central Time)**, as established by this Court pursuant to the Bar Date Order, and (ii) the Governmental Bar Date is **November 7, 2022 at 5:00 p.m. (prevailing Central Time)**, as established pursuant to Local Rule 3003-1.

2. The Debtors may agree, in their sole discretion, to extend the Bar Dates on behalf of a requesting claimant.

3. Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially to the Proof of Claim form provided by the Debtors, substantially in the form attached to this Order as **Exhibit 1** (the "**Proof of Claim Form**") or Official Form 410; (iv) set forth with reasonable specificity the legal and factual basis for the alleged claim to the extent required by Bankruptcy Rule 3001; and (v) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

4. Each person or entity that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim Form, in the bankruptcy case of each Debtor against whom a claim is asserted. With the exception of any Master Proof of Claim, if more than one Debtor is listed on any particular Proof of Claim Form, such claim shall be deemed to have been filed only against the first listed Debtor. If a Proof of Claim is filed under the joint administration case number (No. 22-90054 (MI)) or otherwise does not identify the specific Debtor, such claim will be deemed to have been filed only against Talen Energy Supply, LLC.

5. If, on or after the date on which the Debtors serve the Supplemental Notice, the Debtors amend or supplement their Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of a claim; (b) change the nature or characterization of a claim; or (c) add a new claim to the Schedules, the affected claimant may file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim, and such subsequent Proofs of Claim, if any, shall supersede all previously-filed Proofs of Claim with respect to such amended claim, in accordance with the procedures described herein so that it is received, as provided in paragraph 7 below, by the Claims and Noticing Agent on or before the later of (i) the General Bar Date or the Government Bar Date, as applicable, and (ii) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules (the "**Amended Schedule Bar Date**").

6. Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraph 7 below, by the Claims and Noticing Agent on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the entry of an order of the Court authorizing the Debtors' rejection of

3

the applicable executory contract or unexpired lease (including any order confirming the Debtors' plan of reorganization) (the "**Rejection Bar Date**").

7. All Proofs of Claim must be *actually received* by the Claims and Noticing Agent no later than the applicable Bar Date, either by the claimant (i) filing such Proof(s) of Claim electronically through the Claims and Noticing Agent, at http://cases.ra.kroll.com/talenenergy/EPOC-Index; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) delivering the original Proof(s) of Claim to the Claims and Noticing Agent by first class mail, overnight mail or hand delivery, at the following address:

> Talen Energy Supply, LLC Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

8. The Claims and Noticing Agent will not accept Proofs of Claim by facsimile, telecopy, email, or other electronic submission, other than as specifically provided herein.

9. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit a (i) copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) self-addressed, stamped envelope.

10. The following persons and entities may, but are not required to, file Proofs of Claim in these chapter 11 cases:

    a. The U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. Any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c. Any person or entity (i)(x) whose claim is listed in the Debtors' Schedules or any amendments thereto, *and* (y) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d. Any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee, or any other statutory committee that assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code, but, in each case, solely to the extent of such administrative claim(s);

e. Any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f. Any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the *Final Order (A) Authorizing the Debtors To Obtain Post-petition Financing, (B) Authorizing the Debtors To Use Cash Collateral, (C) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (E) Modifying the Automatic Stay, and (F) Granting Related Relief* [Docket No. 588] (the "**Final DIP Order**");

g. Any holder of a claim arising under or in connection with the Debtors' unsecured notes issued under (i) that certain *Indenture* dated as of October 1, 2001, (ii) that certain *Indenture* dated as of April 13, 2017, (iii) that certain *Indenture* dated as of August 4, 2017, (iv) that certain *Indenture* dated as of November 29, 2017, or (v) that certain *Series 2009A Indenture* dated as of April 1, 2009 (each as amended, restated, amended and restated, supplemented or otherwise modified from time to time, collectively, the "**Unsecured Notes Indentures**" and, such unsecured notes, the "**Unsecured Notes**"); provided that the indenture trustee for each of the

       Unsecured Notes Indentures may file a single master Proof of Claim ("**Master Proof of Claim**") by the General Bar Date with regard to all of the claims thereunder;

  h. Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code) in any Debtor solely with respect to such equity security interest; provided that if any such holder also wishes to assert a claim against (as opposed to an equity security interest in) any Debtor, including, but not limited to, a claim arising from the purchase or sale of a security of any Debtor or rescission under section 510 of the Bankruptcy Code, such holder must submit a Proof of Claim asserting such claim on or before the applicable Bar Date;

  i. Any Debtor asserting a claim against another Debtor;

  j. Any entity whose claim is solely against any non-Debtor affiliates; and

  k. Any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

11. Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.

12. In accordance with Bankruptcy Rules 3001(c) and 3001(d), to the extent that any Proof of Claim does not include supporting documentation that is required to be included by Bankruptcy Rule 3001, such Proof of Claim shall not constitute prima facie evidence of the validity and amount of such claim. If, however, such documentation is voluminous, upon consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtors' counsel upon request no later than ten (10) days from the date of such request.

13. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

14. Any person or entity that is required to timely file a Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the chapter 11 cases.

15. The Debtors shall cause the Claims and Noticing Agent to serve the Supplemental Notice, together with a Proof of Claim Form (collectively, the "**Bar Date Package**"), via email or first-class United States mail, postage prepaid, on the following entities:

   a. The Office of the United States Trustee for the Southern District of Texas;

   b. All creditors and other known holders of claims against the Debtors as of the date of entry of this Order, including all entities listed in the Schedules as holding claims against the Debtors;

   c. All parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of this Order;

   d. All entities that have already filed Proofs of Claim in these chapter 11 cases as of the date of this Order;

e. All entities who are party to executory contracts and unexpired leases with the Debtors;

f. All entities who are party to litigation with the Debtors;

g. All employees who are currently employed by the Debtors, were employed by the Debtors in the last two and a half years, and all former employees that are currently or will be beneficiaries in the Debtors' two pension plans (to the extent that contact information for former employees is available in the Debtors' records);

h. All regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

i. The Offices of the Attorney General for each of the states in which the Debtors operate;

j. All known non-Debtor equity and interest holders of the Debtors as of the date this Order is entered;

k. All taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

l. The Securities and Exchange Commission; and

m. Counsel to the Creditors' Committee and any other statutory committee, if appointed, in these chapter 11 cases.

16. The Debtors are permitted, but not required, to make supplemental mailings of the Bar Date Package for the reasons set forth in the Motion. To the extent that any Bar Date Packages are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

17. The Proof of Claim Form is hereby approved in all respects. The Debtors shall provide each of the creditors listed on the Schedules with a personalized Proof of Claim Form, which will set forth: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority

8

18. The (i) Notice of Commencement, (ii) Publication Notice, (iii) Supplemental Notice, substantially in the form attached to the Motion as **Exhibit B**, and (iv) Supplemental Publication Notice, constitute good, adequate, and sufficient notice of the Bar Dates and the relief granted by this Order. No further or additional notice is required.

19. The Debtors may, but are not required to, cause the Claims and Noticing Agent to prominently display the Bar Dates, Supplemental Notice, and the Procedures on the Debtors' case website at http://cases.ra.kroll.com/talenenergy.

20. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

21. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

22. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: June 27, 2022

_____
Marvin Isgur
United States Bankruptcy Judge

**Exhibit 1**

**Proof of Claim Form**

**United States Bankruptcy Court, Southern District of Texas (Houston Division)**

Fill in this information to identify the case (Select only one Debtor per claim form):

| | | |
|---|---|---|
| ☐ Talen Energy Supply, LLC (Case No. 22-90054) | ☐ Montour Services, LLC (Case No. 22-90078) | ☐ Talen Treasure State, LLC (Case No. 22-90102) |
| ☐ Talen Montana Holdings, LLC (Case No. 22-90055) | ☐ Pedricktown Management Company LLC (Case No. 22-90079) | ☐ Newark Bay Cogeneration Partnership, L.P. (Case No. 22-90103) |
| ☐ Talen Montana, LLC (Case No. 22-90056) | ☐ Holtwood, LLC (Case No. 22-90080) | ☐ Talen Energy Services Group, LLC (Case No. 22-90104) |
| ☐ Montana Growth Holdings LLC (Case No. 22-90057) | ☐ Pedricktown Investment Company LLC (Case No. 22-90081) | ☐ Morris Energy Management Company, LLC (Case No. 22-90105) |
| ☐ Colstrip Comm Serv, LLC (Case No. 22-90058) | ☐ Martins Creek, LLC (Case No. 22-90082) | ☐ Talen Energy Services Holdings, LLC (Case No. 22-90106) |
| ☐ Talen Generation, LLC (Case No. 22-90059) | ☐ Pedricktown Cogeneration Company LP (Case No. 22-90083) | ☐ Morris Energy Operations Company, LLC (Case No. 22-90107) |
| ☐ Montour, LLC (Case No. 22-90060) | ☐ Sapphire Power Generation Holdings LLC (Case No. 22-90084) | ☐ Talen Energy Services Northeast, Inc. (Case No. 22-90108) |
| ☐ Brunner Island, LLC (Case No. 22-90061) | ☐ York Plant Holding, LLC (Case No. 22-90085) | ☐ Lower Mount Bethel Energy, LLC (Case No. 22-90109) |
| ☐ Raven Power Generation Holdings LLC (Case No. 22-90062) | ☐ Sapphire Power LLC (Case No. 22-90086) | ☐ Talen Land Holdings, LLC (Case No. 22-90110) |
| ☐ Raven Power Group LLC (Case No. 22-90063) | ☐ York Generation Company LLC (Case No. 22-90087) | ☐ Pennsylvania Mines, LLC (Case No. 22-90111) |
| ☐ Raven Power Finance LLC (Case No. 22-90064) | ☐ Sapphire Power Finance LLC (Case No. 22-90088) | ☐ Talen NE LLC (Case No. 22-90112) |
| ☐ Raven Power Fort Smallwood LLC (Case No. 22-90065) | ☐ MEG Generating Company, LLC (Case No. 22-90089) | ☐ MC OpCo LLC (Case No. 22-90113) |
| ☐ Raven FS Property Holdings LLC (Case No. 22-90066) | ☐ Barney Davis, LLC (Case No. 22-90090) | ☐ Talen Nuclear Development, LLC (Case No. 22-90114) |
| ☐ H.A. Wagner LLC (Case No. 22-90067) | ☐ Elmwood Energy Holdings, LLC (Case No. 22-90091) | ☐ Bell Bend, LLC (Case No. 22-90115) |
| ☐ Brandon Shores LLC (Case No. 22-90068) | ☐ Nueces Bay, LLC (Case No. 22-90092) | ☐ Susquehanna Nuclear, LLC (Case No. 22-90116) |
| ☐ Raven Lot 15 LLC (Case No. 22-90069) | ☐ Elmwood Park Power, LLC (Case No. 22-90093) | ☐ Talen Texas, LLC (Case No. 22-90117) |
| ☐ Fort Armistead Road – Lot 15 Landfill, LLC (Case No. 22-90070) | ☐ Laredo, LLC (Case No. 22-90094) | ☐ Dartmouth Plant Holding, LLC (Case No. 22-90118) |
| ☐ Raven Power Property LLC (Case No. 22-90071) | ☐ Camden Plant Holding, L.L.C. (Case No. 22-90095) | ☐ Dartmouth Power Holding Company, L.L.C. (Case No. 22-90119) |
| ☐ RMGL Holdings LLC (Case No. 22-90072) | ☐ Talen Texas Property, LLC (Case No. 22-90096) | ☐ NorthEast Gas Generation Holdings, LLC (Case No. 22-90120) |
| ☐ Brunner Island Services, LLC (Case No. 22-90073) | ☐ Talen Texas Group, LLC (Case No. 22-90097) | ☐ Dartmouth Power Generation, L.L.C. (Case No. 22-90121) |
| ☐ Realty Company of Pennsylvania (Case No. 22-90074) | ☐ Newark Bay Holding Company, L.L.C. (Case No. 22-90098) | ☐ Dartmouth Power Associates Limited Partnership (Case No. 22-90122) |
| ☐ BDW Corp. (Case No. 22-90075) | ☐ Talen Energy Marketing, LLC (Case No. 22-90099) | ☐ Talen II Growth Parent LLC (Case No. 22-90123) |
| ☐ Sapphire Power Marketing LLC (Case No. 22-90076) | ☐ Liberty View Power, L.L.C. (Case No. 22-90100) | ☐ Talen II Growth Holdings LLC (Case No. 22-90124) |
| ☐ Lady Jane Collieries, Inc. (Case No. 22-90077) | ☐ Talen Energy Retail LLC (Case No. 22-90101) | ☐ Talen Technology Ventures LLC (Case No. 22-90125) |

<u>Modified Form 410</u>

# Proof of Claim                                                                04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:  Identify the Claim

1. **Who is the current creditor?**
   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom? _____

---

Modified Form 410                          **Proof of Claim**                          page 1

| | | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>_____<br>Name<br><br>_____<br>Number     Street<br><br>_____<br>City               State       ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br><br>_____<br>Number     Street<br><br>_____<br>City               State       ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known)_____ | Filed on _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ | |

### Part 2:  Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. **How much is the claim?** | $_____. Does this amount include interest or other charges?<br>☐ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, asbestos exposure, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. **Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property**:                                $_____<br><br>**Amount of the claim that is secured:**      $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**      $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| | | |
|---|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** | $_____ |
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ | |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |
|---|---|---|

### Part 3: Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>☐ I am the creditor.<br>☐ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date _____ (mm/dd/yyyy)<br><br>_____<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name  _____<br>　　　　First name　　　Middle name　　　Last name<br><br>Title  _____<br><br>Company  _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>　　　　Number　　Street<br><br>　　　　_____<br>　　　　City　　　　　　　　State　　ZIP Code<br><br>Contact phone  _____    Email  _____ |

Modified Form 410　　　　　　　　　　　　　　　　**Proof of Claim**　　　　　　　　　　　　　　　　page 3

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

### How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.ra.kroll.com/talenenergy/.

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

Talen Energy Supply, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://cases.ra.kroll.com/talenenergy/EPOC-Index.

**Do not file these instructions with your form**

United States Bankruptcy Court

Southern District of Texas

| | |
|---|---|
| In re: | Case No. 22-90054-mi |
| Talen Energy Supply, LLC | Chapter 11 |
| Talen Technology Ventures LLC | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 1 of 5 |
| Date Rcvd: Jun 28, 2022 | Form ID: pdf002 | Total Noticed: 112 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 30, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | BDW Corp., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Barney Davis, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Bell Bend, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Brandon Shores LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Brunner Island Services, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Brunner Island, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Camden Plant Holding, L.L.C., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Colstrip Comm Serv, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Dartmouth Plant Holding, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Dartmouth Power Associates Limited Partnership, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Dartmouth Power Generation, L.L.C., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Dartmouth Power Holding Company, L.L.C., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Elmwood Energy Holdings, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Elmwood Park Power, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Fort Armistead Road - Lot 15 Landfill, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | H.A. Wagner LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Holtwood, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Lady Jane Collieries, Inc., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Laredo, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Liberty View Power, L.L.C., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Lower Mount Bethel Energy, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | MC OpCo LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | MEG Generating Company, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Martins Creek, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Montana Growth Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Montour Services, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Montour, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Morris Energy Management Company, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Morris Energy Operations Company, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Newark Bay Cogeneration Partnership, L.P., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Newark Bay Holding Company, L.L.C., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | NorthEast Gas Generation Holdings, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Nueces Bay, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Pedricktown Cogeneration Company LP, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Pedricktown Investment Company LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Pedricktown Management Company LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Pennsylvania Mines, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | RMGL Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven FS Property Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Lot 15 LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Power Finance LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Power Fort Smallwood LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Power Generation Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Power Group LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Raven Power Property LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Realty Company of Pennsylvania, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |

| | | |
|---|---|---|
| db | + | Sapphire Power Finance LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Sapphire Power Generation Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Sapphire Power LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Sapphire Power Marketing LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Susquehanna Nuclear, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Marketing, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Retail LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Services Group, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Services Holdings, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Services Northeast, Inc., 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Energy Supply, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Generation, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen II Growth Holdings LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen II Growth Parent LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Land Holdings, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Montana Holdings, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Montana, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen NE LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Nuclear Development, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Technology Ventures LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Texas Group, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Texas Property, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Texas, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | Talen Treasure State, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | York Generation Company LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| db | + | York Plant Holding, LLC, 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, TX 77380-4014 |
| aty | + | Jerrad T. Howard, Dinsmore & Shohl LLP, 255 E. 5th Street, Suite 1900, Cincinnati, OH 45202-1971 |
| cr | + | AEP Texas Inc., c/o Weldon L. Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | + | Ad Hoc Group of First Lien Creditors, c/o Marty L. Brimmage, Jr., Akin Gump Strauss Hauer & Feld LLP, 2300 N. Field St., Suite 1800, Dallas, TX 75201-4675 |
| cr | + | Atlantic City Electric Company, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, DALLAS, TX 75219-7119 |
| cr | + | Baltimore Gas and Electric Company, c/o Weldon L. Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | + | Bay Ltd., c/o Ronald A. Simank, Schauer & Simank, P.C., 615 N. Upper Broadway, Suite 700 Corpus Christi, TX 78401-0857 |
| intp | + | Commonwealth of Pennsylvania, Department of Enviro, 400 Market Street, Harrisburg, PA 17101-2301 |
| cr | + | Conestoga Wood Specialties Corporation, c/o Mike Vaughn, 245 Reading Road, PO Box 158, East Earl, PA 17519-0158 |
| intp | + | Ellingson Drainage Inc., d/b/a Ellingson DT, 56113 State Hwy 56, West Concord, MN 55985, UNITED STATES 55985-6066 |
| cr | + | Enerfab Power & Industrial, LLC, c/o Frost Brown Todd LLC, Attn: Ronald E. Gold, 3300 Great American Tower, 301 E. Fourth Street Cincinnati, OH 45202-4245 |
| op | + | FBK Medical Tubing, Inc., 21649 Cedar Creek Ave, Georgetown, DE 19947-6396 |
| cr | + | Giorgi Companies, c/o Karl Burrer/Brian Greer, Greenberg Traurig, LLP, 1000 Louisiana Street, Suite 6700, Houston, TX 77002-6003 |
| cr | + | H&S Constructors, Inc., c/o Lea Ann Colwell, P.O. Box 9014, Corpus Christi, TX 78469-9014 |
| cr | + | ISO New England Inc., c/o Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103-1803 |
| cr | + | JW Rentals, Inc., c/o Ronald A. Simank, Schauer & Simank, P.C., 615 N. Upper Broadway, Suite 700 Corpus Christi, TX 78401-0857 |
| intp | + | James Scott Douglass, 1811 Bering Dr., Suite 420, Houston, TX 77057-3186 |
| cr | + | Kinder Morgan Tejas Pipeline, LLC, c//o Law Ofc Patricia Williams Prewitt, 2456 FM 112, Taylor, TX 76574-4509 |
| cr | + | Locust Ridge Wind Farm, LLC, Avangrid Renewables, LLC, 2701 NW Vaughn, Suite 300, Portland, OR 97210 UNITED STATES 97210-5355 |
| cr | + | Masonic Villages of the Grand Lodge of Pennsylvani, c/o Patrick J. Sampsell, Esquire, 1 Masonic Drive, Elizabethtown, PA 17022-2199 |
| cr | + | Metropolitan Edison Company, c/o Weldon Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | | Morgan Stanley Capital Group Inc., 1585 Broadway, New York, NY 10036-8293 |
| cr | + | NStar Gas Company, c/o Weldon L. Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | + | Nalco Company LLC, c/o Kohner, Mann & Kailas, S.C., 4650 North Port Washington Rd., Milwaukee, WI 53212-1077 |
| intp | + | NorthWestern Corporation, c/o H. Joseph Acosta, Dorsey & Whitney LLP, 300 Crescent Court, Suite 400 Dallas, TX 75201-7847 |
| cr | + | Nstar Electric Company, c/o Weldon L. Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | + | Oracle America, Inc., Buchalter, A Professional Corporation, c/o Shawn M. Christianson, 425 Market St., Suite 2900, San Francisco, CA 94105-2491 |
| cr | + | Pennsylvania Electric Company, c/o Weldon Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100, Dallas, TX 75219-7119 |
| cr | + | Public Service Electric and Gas Company, c/o Weldon L. Moore, III, Sussman & Moore, LLP, 2911 Turtle Creek Blvd., Ste. 1100 DALLAS, TX 75219-7119 |
| cr | + | Richards Energy Group, Inc., c/o Peter Richards, President, 781 S. Chiques Road, Manheim, PA 17545-9135 |
| cr | + | Tenaska Power Services Co., c/o Ross & Smith, P.C., Attn: Judith W. Ross, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| intp | + | Titanium Finishing Company, 248 Main Street, East Greenville, PA 18041-1405 |

| | | |
|---|---|---|
| cr | + | URA, Inc. t/d/b/a Utility Rates Analysts, c/o Jesse Cantore, 5010 E. Trindle Road, Suite 200, Mechanicsburg, PA 17050-3631 |
| cr | + | Vitol Inc., 2925 Richmond Ave, 11th Floor, Houston, TX 77098-3138 |

TOTAL: 105

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: houston_bankruptcy@LGBS.com | Jun 28 2022 19:59:00 | Cypress-Fairbanks ISD, Linebarger Goggan Blair & Sampson LLP, C/O Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr + | Email/Text: houston_bankruptcy@LGBS.com | Jun 28 2022 19:59:00 | Harris County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| cr | Email/Text: houston_bankruptcy@LGBS.com | Jun 28 2022 19:59:00 | Montgomery County, Linebarger Goggan Blair & Sampson LLP, c/o Tara L. Grundemeier, P.O. Box 3064, Houston, TX 77253-3064 |
| op | Email/Text: EBN@primeclerk.com | Jun 28 2022 19:59:00 | Kroll Restructuring Administration LLC, (f/k/a Prime Clerk LLC), 55 East 52nd Street, 17th Floor, New York, NY 10055 |
| cr | Email/Text: bncctnotifications@pbgc.gov | Jun 28 2022 19:59:00 | Pension Benefit Guaranty Corporation, Office of the General Counsel, 1200 K Street N.W, Washington, DC 20005-4026 |
| intp | Email/Text: bcd@oag.texas.gov | Jun 28 2022 19:59:00 | Public Utility Commission of Texas, c/o Texas Attorney General's Office, Bankruptcy & Collections, P.O. Box 12548 MC008, Austin, TX 78711-2548 |
| intp + | Email/Text: ssoule@hallestill.com | Jun 28 2022 19:59:00 | The Williams Companies, Inc., c/o Steven W. Soule, Hall, Estill, et al., 320 South Boston Avenue, Suite 200, Tulsa, OK 74103-3705 |

TOTAL: 7

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | ACNR Coal Sales, Inc. |
| intp | | Ad Hoc Group of Crossholders |
| intp | | Ad Hoc Group of Unsecured Noteholders |
| cr | | Ad Hoc Term Loan and Secured Notes Group |
| intp | | Alter Domus (US) LLC |
| cr | | Arch Insurance Company |
| cr | | Azek Building Products LLC and the Azek Company |
| cr | | Big Heart Pet Brands, Inc. |
| intp | | Bigbee Steel & Tank Company |
| cr | | Border States Industries, Inc. |
| cr | | CCL Label Inc. |
| cr | | CCL Tube, Inc. |
| cr | | CONSOL Energy Company |
| cr | | Carnegie Institute d/b/a Carnegie Museum of Pittsb |
| cr | | Chrislynn Energy Services, Inc. |
| cr | | Citibank, N.A. |
| intp | | Cumulus Growth Holdings LLC |
| cr | | Curtiss-Wright Corp. |
| cr | | Curtiss-Wright Electro-Mechanical Corporation |
| cr | | Curtiss-Wright Fleet Solutions |
| cr | | Curtiss-Wright Flow Control Corporation |
| cr | | Curtiss-Wright Flow Control Service LLC |
| cr | | Day & Zimmermann NPS, Inc. |

| District/off: 0541-4 | User: ADIuser | Page 4 of 5 |
|---|---|---|
| Date Rcvd: Jun 28, 2022 | Form ID: pdf002 | Total Noticed: 112 |

| | | |
|---|---|---|
| cr | Duquesne Light Company | |
| cr | EA Engineering, Science and Technology, Inc. | |
| cr | EDF Trading North America LLC | |
| cr | EST Group, Inc. | |
| intp | Electric Reliability Council of Texas, Inc. | |
| cr | Elite Piping & Civil, Ltd. | |
| intp | Equitable Oil Purchasing Co. | |
| cr | Flowserve US, Inc. | |
| cr | Framatome, Inc. | |
| intp | Goldman Sachs Bank USA | |
| cr | HealthTrust Purchasing Group, L.P. | |
| cr | Hillandale-Gettysburg, L.P. | |
| cr | ITG Brands, LLC | |
| intp | J. Aron & Company LLC | |
| cr | Langan Engineering and Environmental Services, Inc | |
| cr | Lear Corporation | |
| res | Lehigh Heavy Forge Corporation | |
| cr | MUFG Bank, Ltd. | |
| cr | MUFG Union Bank, NA | |
| cr | Municipal Authority of The Borough of West View | |
| crcm | Norfolk Southern Railway Company | |
| cr | Nueces County | |
| crcm | Official Committee of Unsecured Creditors | |
| intp | PPL Capital Funding, Inc. | |
| intp | PPL Corporation | |
| intp | PPL Electric Utilities Corporation | |
| intp | PPL Energy Funding Corporation | |
| cr | Powell Electrical Systems, Inc. | |
| cr | Puget Sound Energy, Inc. | |
| cr | RBC Capital Markets, LLC | |
| cr | Royal Bank of Canada | |
| cr | ShawCor Ltd. | |
| cr | Silgan Plastics Corporation | |
| cr | Silgan White Cap Corporation | |
| cr | System One Holdings, LLC | |
| intp | Talen Energy Corporation | |
| cr | The Bank of New York Mellon, as Trustee under Seni | |
| cr | The J.M. Smucker Company | |
| cr | The Merrick Group, Inc. | |
| cr | The PNW Owners | |
| intp | Travelers Casualty and Insurance Company of Americ | |
| cr | United States Gypsum Company | |
| cr | Waste Management National Services, Inc. | |
| cr | Waste Management National Services, Inc. | |
| cr | Waste Management of New Jersey, Inc. | |
| cr | Webb CISD | |
| cr | Wilmington Savings Fund Society, FSB | |
| cr | Wilmington Trust, National Association, as Adminis | |
| cr | Wind Park Bear Creek, LLC | |

TOTAL: 72 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

| | | |
|---|---|---|
| District/off: 0541-4 | User: ADIuser | Page 5 of 5 |
| Date Rcvd: Jun 28, 2022 | Form ID: pdf002 | Total Noticed: 112 |

Date: Jun 30, 2022         Signature:         /s/Gustava Winters