# **EXHIBIT 1**

*Proposed Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | § § § | Case No. 22-90054 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**ORDER AUTHORIZING AND APPROVING THE
RETENTION AND EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF THE DEBTORS, EFFECTIVE AS OF JUNE 2, 2022**
(Related Docket No. 821)

Upon consideration of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Co-Counsel Effective as of June 2, 2022* [Docket No. 821] (the "Application"),[2] pursuant to sections 327, 328, 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP (the "Firm") as co-counsel for the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases (the "Cases"); and upon consideration of the Declarations of Michael D. Warner and the Committee Co-Chair in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief requested

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. Pursuant to sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Committee is authorized to retain and employ the Firm as co-counsel to the Committee, effective June 2, 2022, as set forth in this Order.

2. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases as set forth in the Application and Warner Declaration, and in compliance with sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court. For billing purposes, the Firm shall keep its time in one tenth (1/10) hour increments.

3. Notwithstanding anything to the contrary in the Application or the Declarations attached to the Application, the Firm shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

4. The Firm shall provide ten-business-days' notice to the Committee, the Debtors, and the U.S. Trustee before any increases in the rates set forth in the Application are

implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. The Committee and the Firm are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Firm shall use its reasonable efforts, and coordinate with the Committee and their other retained professionals, to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 Cases.

7. The Firm will review its files periodically during the pendency of these Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. To the extent the Application, the Warner Declaration, or the Committee Co-Chair Declaration, is inconsistent with this Order, the terms of this Order shall govern.

9. The Firm is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these chapter 11 Cases.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: _____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

DOCS_NY:45862.4 82853/002