IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC *et al.,* | § § § | Case No. 22-90054 (MI) |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § § § |  |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER APPROVING RETENTION AND EMPLOYMENT OF EPIQ CORPORATE RESTRUCTURING, LLC AS THE COMMITTEE'S INFORMATION AND NOTICING AGENT, EFFECTIVE JUNE 27, 2022**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors in possession (collectively, the "Debtors") respectfully submits this application (the "Application"), pursuant to sections 105(a), 1102(b)(3) and 1103 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern

---

[1] A complete list of the Debtors in these cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

District of Texas (the "Local Rules") for entry of an order substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Epiq Corporate Restructuring, LLC ("Epiq") as the Committee's information and noticing agent, effective as of June 27, 2022. In support of this Application, the Committee submits the declaration of Kate Mailloux (the "Mailloux Declaration"), attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, dated May 24, 2012 (General Order 2012-6). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On May 9, 2022 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in these cases.

3. On May 23, 2022, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for Region 7, Southern and Western Districts of Texas (the "U.S. Trustee") appointed the Committee, which currently consists of: (i) The Bank of New York Mellon, as trustee; (ii) Brandywine Operating Partnership; (iii) Enerfab Power & Industrial, LLC; (iv) Framatome, Inc.; (v) GE International; (vi) The Merrick Group, Inc.; and (vii) Pension Benefit Guaranty Corporation.

4. On June 10, 2022, the Committee selected Epiq to serve as its information and noticing agent in these cases and, on June 27, 2022, executed that certain Standard Services Agreement, which is attached as **Schedule 1** to the Mailloux Declaration (the "Services Agreement").

## RELIEF REQUESTED

5. By this Application, the Committee seeks entry of an order authorizing the Committee to retain and employ Epiq as its information and noticing agent, pursuant to sections 105(a), 1102(b)(3) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1, effective as of June 27, 2022, on the terms and subject to the conditions set forth herein and in the Services Agreement.

## RETENTION OF EPIQ

A. Scope of Services

6. Epiq is a company that specializes in, among other things, assisting official creditors' committees in fulfilling their statutory obligations to the unsecured creditor body pursuant to section 1102 of the Bankruptcy Code. Section 1102 of the Bankruptcy Code requires official creditors' committees to provide access to information for unsecured creditors who are not appointed to the Committee and to solicit and receive comments from such creditors. *See* 11 U.S.C. § 1102(b)(3). Epiq's retention will assist the Committee in complying with such obligations, which are further described in ¶ 17 below, and help with the effective administration of these cases, while reducing the overall expenses of such administration. Specifically, Epiq will establish and maintain a website for the Committee and provide technology and communications-related services. Additionally, Epiq will prepare and serve all notices, orders, pleadings, publications, and other documents as the Committee and/or the Court may deem necessary or

appropriate on behalf of the Committee in accordance with the Bankruptcy Code and the Bankruptcy Rules.

7.   This and other Bankruptcy Courts have approved the retention of third-party service providers to assist official committees of unsecured creditors with the tasks similar to those for which the Committee seeks to retain Epiq in these cases.  See, e.g., In re Sanchez Energy Corp., Case No. 19-34508 (Bankr. S.D. Tex. November 15, 2019) [Docket No. 591]; In re EXCO Resources. Inc., Case No. 18-30155 (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; In re FirstEnergy Solutions, Inc., Case No. 18-50757 (Bankr. N.D. Ohio Jun. 12, 2018) [Docket No. 727]; In re Toys "R" Us, Inc., Case No. 17-34665 (Bankr. E.D. Va. Dec. 27, 2017) [Docket No. 1375]; In re Westinghouse Electric Co. LLC, Case No. 17-10751 (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934]; In re Magnum Hunter Resources Corp., Case No. 15-12533 (Bankr. D. Del. Jan. 27, 2016) [Docket No. 404]; In re Energy Future Holdings Corp., Case No. 14-10979 (Bankr. D. Del. Apr. 29, 2014) [Docket No. 3240].

**B.  Professional Compensation**

8.   The Committee solicited proposals from three firms interested in serving as the Committee's information and noticing agent and ultimately determined that Epiq's proposed pricing, as reflected in the Services Agreement, was fair and reasonable relative to the Committee's needs in these cases.

9.   The Committee proposes that Epiq's reasonable fees and expenses for services rendered on behalf of the Committee in connection with these cases should be paid by the Debtors' estates in accordance with the terms of the Services Agreement without the requirement for Epiq to file fee applications.  Instead, the Committee submits that the Court should authorize the Debtors pay Epiq's fees and expenses, monthly, in accordance with the terms and subject to the conditions

set forth in the Services Agreement, as an actual and necessary cost of preserving their estates pursuant to section 503(b)(1) of the Bankruptcy Code.

10. The Committee proposes that Epiq will submit, each month following the month in which its services are rendered, an invoice for such services to: (i) the Debtors, (ii) counsel to the Debtors, (iii) the U.S. Trustee, and (iv) counsel to the Committee (collectively, the "Notice Parties").[2] If no objection to an invoice is filed by any of the Notice Parties within fourteen (14) days of receipt thereof, the Committee requests that the Debtors be authorized and directed to pay the full amount of such invoice without the need for further Court approval. If any Notice Party disputes the reasonableness of any Epiq's invoice, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, such Notice Party and/or Epiq may submit such dispute to the Court for determination, and the disputed portion of such invoice shall not be paid until the dispute is resolved.

11. Additionally, under the terms of the Services Agreement, the Debtors will indemnify, defend, and hold harmless Epiq and its members, officers, employees, representatives, and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting from gross negligence, bad faith, or willful misconduct or as otherwise provided in the Services Agreement or Proposed Order. The Committee believes that such an indemnification obligation is customary, reasonable, and necessary.

---

[2] This process is essentially the same as the process contained in the order authorizing employment of Kroll Restructuring Administration LLC, as the Debtors claims, noticing, and solicitation agent in these cases. *See Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent*, ¶ 8 [Dkt. No. 59].

### C. Epiq's Disinterestedness

12. Except as set forth in the Mailloux Declaration, Epiq has informed the Committee that, as of the date hereof, to the best of Epiq's knowledge: (a) it has no connections with the Debtors, their creditors or other parties in interest in these cases; (b) it does not have an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and (c) neither Epiq nor any employee of Epiq (i) is a creditor, equity security holder, or an insider of the Debtors or (ii) is or was, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Epiq personnel expected to provide services to the Committee in these cases are related or connected to any United States Bankruptcy Judge for the Southern District of Texas, the U.S. Trustee or any person employed in the Office of the U.S. Trustee.

13. If any new material facts or relationships are discovered, Epiq will supplement its disclosure to the Court.

14. Epiq has agreed not to share with any other person or firm the compensation it will be paid for the professional services rendered in connection with these cases in accordance with section 504(a) of the Bankruptcy Code.

## BASIS FOR RELIEF

15. Subject to this Court's approval, Epiq will render information and noticing services to the Committee, thereby enabling the Committee to comply with its obligations under section 1102(b)(3) of the Bankruptcy Code. Section 1103(a) of the Bankruptcy Code provides that an official creditors' committee "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

16. Section 1102(b)(3) provides that an official committee must:

      (A)    provide access to information for creditors who –

            (i)    hold claims of the kind represented by that committee; and

            (ii)    are not appointed to the committee;

      (B)    solicit and receive comments from the creditors described in subparagraph (A); and

      (C)    be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

17. The retention of Epiq will facilitate the Committee's compliance with its statutory duties. Without Epiq's retention, the Committee's other professionals would be required to perform the informational and solicitation services required under section 1102(b)(3). The Committee believes that Epiq, with its experience in this area, can provide such services in a more efficient and cost-effective manner. The Committee believes that, by eliminating significant administrative burdens on the Committee's counsel and other professionals, Epiq's retention by the Committee will result in significant cost savings that will ultimately inure to the benefit of the Debtors' estates and their creditors.

18. The Committee requests that Epiq's retention be approved as of June 27, 2022, the date the Committee signed the Services Agreement to retain Epiq as information and noticing agent. Epiq commenced its information and noticing services for the Committee thereafter.

## **NOTICE**

19. Notice of this Application has been provided to counsel to the Debtors, the U.S. Trustee and all parties that have requested receipt of notices in these cases pursuant to Bankruptcy Rule 2002. In light of the relief requested herein, the Committee submits that no other or further notice need be provided.

WHEREFORE, the Committee respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ and retain Epiq as the Committee's information and noticing agent, effective as of June 27, 2022, and (b) grant such further relief to the Committee as is just and proper.

Dated: July 27, 2022

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TALEN ENERGY SUPPLY, LLC, *et al*., by its Co-Chairs

ENERFAB POWER & INDUSTRIAL, LLC

By: /s/ Steven R. Harbison
    Name:    Steven R. Harbison
    Title:    Committee Co-Chair

-and-

PENSION BENEFIT GUARANTY CORPORATION

By: /s/ Cynthia M. Wong
    Name:    Cynthia M. Wong
    Title:    Committee Co-Chair