## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC *et al.,* | § § § | Case No. 22-90054 (MI) |
| Debtors.[1] | § § § § | (Jointly Administered) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TALEN ENERGY SUPPLY, LLC *ET AL.*, TO RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS THE COMMITTEE'S INFORMATION AND NOTICING AGENT, EFFECTIVE AS OF JUNE 27, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 1102(b)(3) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, for an order authorizing the employment and retention of Epiq Corporate Restructuring, LLC ("Epiq") as the Committee's information and noticing agent, effective as of June 27, 2022; and the Court having reviewed the Application and the Mailloux Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be

---

[1] A complete list of the Debtors in these cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

provided; and the Court finding, based on the representations made in the Application and the Mailloux Declaration, that (i) Epiq does not represent any adverse interest with respect to the matters upon which it is to be engaged, (ii) it is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) its employment is necessary and in the best interests of the Committee and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1.  In accordance with sections 1102(b)(3) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized to retain and employ Epiq as its information and noticing agent in these cases, effective as of June 27, 2022, pursuant to the terms set forth in the Application and the Services Agreement.

2.  The Debtors are authorized and directed to compensate Epiq on a monthly basis in accordance with the terms and subject to the conditions set forth herein and in the Services Agreement. The fees and expenses Epiq incurs in the performance of its services shall be treated as an administrative expense of the Debtors' estates pursuant to Bankruptcy Code section 503(b)(1) and shall be paid by the Debtors in the ordinary course of business without further application to this Court; provided, however, that, to the extent any of Epiq's fees and expenses are disallowed by this Court, Epiq shall not be entitled to an administrative expense priority for such disallowed fees and expenses. For the avoidance of doubt, under no circumstance shall any of the compensation obligations set forth herein, in the Application, or in the Services Agreement be an obligation of or paid by the Committee or any of its members or professionals.

3.  On or after the fifth (5th) day of each month following the month in which Epiq renders services to the Committee in these cases, Epiq shall submit an invoice to: (i) the Debtors, (ii) counsel to the Debtors, (iii) the U.S. Trustee, and (iv) Milbank LLP as counsel to the Committee (collectively, the "Notice Parties"). If no objection to an invoice is filed by any Notice Party within

fourteen (14) days of receipt thereof, the Debtors are authorized and directed to pay the full amount of such invoice without the need for further Court approval. If any Notice Party dispute the reasonableness of any Epiq's monthly invoice, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the objecting Notice Party and/or Epiq may submit such dispute to the Court for determination; <u>provided, that</u>, the Debtors will remit to Epiq the undisputed portion of the invoice and, if applicable, will pay the remainder to Epiq upon the resolution of the dispute.

4. Epiq shall use its reasonable best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these cases.

5. To the extent that there may be any inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

6. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order during the pendency of these cases.

Dated: _____, 2022
Houston, Texas

                                                                                                              _____
HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE