IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TALEN ENERGY SUPPLY, LLC *et al.*,[1] | § § § | Case No. 22-90054 (MI) |
| Debtors. | § § § | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION OF TUCKER ARENSBERG, P.C. AS SPECIAL PENNSYLVANIA COUNSEL, EFFECTIVE AS OF JULY 8, 2022**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly administered cases of Talen Energy Supply, LLC and its affiliated debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the Committee to retain and employ Tucker Arensberg, P.C. ("Tucker Arensberg") as special Pennsylvania counsel to the Committee, effective as of July 8, 2022. In support of the Application, the Committee submits (i) the declaration of Michael A. Shiner, a Tucker Arensberg shareholder,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

1

attached hereto as **Exhibit B** (the "Shiner Declaration"), and (ii) the declaration of Cynthia M. Wong, authorized representative of Pension Benefit Guaranty Corporation, a co-chair of the Committee, attached hereto as **Exhibit C** (the "Committee Co-Chair Declaration"), each of which is incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 327, 328, 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## Background

4. On May 9, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court") thereby commencing these cases. On May 10, 2022, the Court ordered the joint administration of the Debtors' cases for procedural purposes [ECF No. 30]. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On May 23, 2022, the Office of the United States Trustee for Region 7, Southern and Western Districts of Texas (the "U.S. Trustee") appointed the Committee [ECF No. 264] pursuant to section 1102 of the Bankruptcy Code. The Committee currently consists of the following seven (7) members: (i) The Bank of New York Mellon, as Trustee; (ii) Brandywine Operating Partnership, L.P.; (iii) Enerfab Power & Industrial, LLC; (iv) Framatome, Inc.; (v) GE International; (vi) The Merrick Group, Inc.; and (vii) Pension Benefit Guaranty Corporation. On July 8, 2022, the Committee selected Tucker Arensberg as its special Pennsylvania counsel, subject to the Court's approval.

6. Tucker Arensberg's retention is requested as of July 8, 2022 insofar as that is the date the Committee first requested that Tucker Arensberg render legal services on behalf of the Committee, and Tucker Arensberg has been actively advising the Committee since that date.

## APPLICATION

A. **Tucker Arensberg's Qualifications**

7. The Committee seeks to employ and retain Tucker Arensberg, pursuant to section 1103(a) of the Bankruptcy Code, on the terms set forth in this Application and the Shiner Declaration. The Committee believes that Tucker Arensberg's employment as its special Pennsylvania counsel is appropriate, necessary, and in the best interests of the Debtors' unsecured creditors.

8. Tucker Arensberg is well qualified to serve as special Pennsylvania counsel to the Committee in these chapter 11 cases. Tucker Arensberg is a Pennsylvania law firm which employs close to 100 attorneys, many of whom are admitted to practice before various courts and jurisdictions throughout the United States. Tucker Arensberg has diverse practice groups with expertise in virtually all areas of law that may be relevant in these cases. Importantly, Tucker

Arensberg has particular expertise in Pennsylvania law and has litigated numerous Pennsylvania state law cases to successful conclusions.

**B.     Services to be Provided by Tucker Arensberg**

9.      The Committee is seeking to retain Tucker Arensberg to assist the Committee's other counsel with an investigation into certain liens and other property rights granted under Pennsylvania law in connection with various prepetition financing transactions. *See* Shiner Declaration ¶ 4. As Tucker Arensberg's services will be focused on matters of Pennsylvania law, their services will be in addition to, and not duplicative of, the services of other counsel retained by the Committee.

**C.     Requisite Disclosures**

10.     To the best of the Committee's knowledge, information, and belief, based on the Shiner Declaration, Tucker Arensberg does not represent any entity having an adverse interest in connection with these chapter 11 cases. Thus, Tucker Arensberg's retention is sought pursuant to § 1103 of the Bankruptcy Code.

11.     The Shiner Declaration sets forth, as required by Bankruptcy Rule 2014(a), to the best of Mr. Shiner's knowledge, Tucker Arensberg's connections with the Debtors, the Debtors' known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and the persons employed in the office of the U.S. Trustee. Based on these disclosures, Tucker Arensberg does not represent any interest adverse to the Committee in the matters on which they are to be retained and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code. *See* Shiner Declaration ¶¶ 8-17.

12.     While Tucker Arensberg has undertaken and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Tucker Arensberg, through its

4

continuing efforts or as these cases progress, learn of any new connections of the nature described above, Tucker Arensberg will promptly file supplemental declarations as required by Bankruptcy Rule 2014(a).

**D.    Proposed Compensation**

13. Tucker Arensberg intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders and procedures that may be or have already been established by the Court.

14. Subject to the Court's approval and in accordance with § 330(a) of the Bankruptcy Code and any applicable orders of this Court, Tucker Arensberg will be compensated for its services to the Committee at its standard hourly rates, which are based on each professional's level of experience, and will be reimbursed for its actual and necessary expenses incurred in connection with rendering such services. Compensating Tucker Arensberg on an hourly basis is consistent with section 328(a) of the Bankruptcy Code. At present, the standard hourly rates charged by Tucker Arensberg range from $350 to $1,100 for partners, $240 to $340 for senior counsel and associates, and $105 to $225 for paralegals. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Tucker Arensberg's business. Notice of any such adjustments will be provided to the Committee, the Debtors, and the U.S. Trustee ten (10) business days in advance of such adjustments. Tucker Arensberg will maintain detailed, contemporaneous records of time expended and expenses incurred in connection with these cases.

## Relief Requested

15. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327,

328, 330 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the Committee to employ and retain Tucker Arensberg as its special Pennsylvania counsel.

16. The Committee has selected Tucker Arensberg as its special Pennsylvania counsel in furtherance of the efficient administration of the estates on behalf of the Committee.

### Basis for Relief

17. Section 1103(a) of the Bankruptcy Code provides that a committee appointed under section 1102 of the Bankruptcy Code "with the court's approval, . . . may select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

18. The Committee submits that for all the reasons set forth above and in the Shiner Declaration, the retention of Tucker Arensberg as special Pennsylvania counsel to the Committee, on the terms set forth herein and in the Shiner Declaration, is warranted and should be approved.

### Notice

19. Notice of this Application has been provided to all parties listed on the Debtors' master service list. The Committee respectfully submits that such notice is sufficient under the circumstances and, in light of the nature of the relief requested, that no other or further notice of this Application or the relief requested herein is required.

### No Prior Request

20. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Application; (ii) authorizing the Committee to employ and retain Tucker Arensberg as its special Pennsylvania counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: July 27, 2022

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TALEN ENERGY SUPPLY, LLC, *et al.*, by its Co-Chairs

ENERFAB POWER & INDUSTRIAL, LLC

By: /s/ Steven R. Harbison
    Name:   Steven R. Harbison
    Title:    Committee Co-Chair

-and-

PENSION BENEFIT GUARANTY CORPORATION

By: /s/ Cynthia M. Wong
    Name:   Cynthia M. Wong
    Title:    Committee Co-Chair