**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TALEN ENERGY SUPPLY, LLC *et al.*,[1] | § | Case No. 22-90054 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND
EMPLOYMENT OF TUCKER ARENSBERG P.C. AS SPECIAL
PENNSYLVANIA COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS, EFFECTIVE JULY 8, 2022**

Upon consideration of the application (the "Application"),[2] pursuant to §§ 327, 328, 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") for an order authorizing and approving the retention and employment of Tucker Arensberg, P.C. as special Pennsylvania counsel for the Committee effective as of July 8, 2022; and upon consideration of the declaration of Michael A. Shiner and the Committee Co-Chair Declaration in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application and the relief requested therein having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application and the Shiner Declaration establish that just cause exists for the relief granted herein; and the Court having found that (i) Tucker Arensberg does not represent any entity having an adverse interest in connection with these chapter 11 cases, (ii) Tucker Arensberg is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and (iii) Tucker Arensberg's hourly rates are reasonable; and any objections to the relief requested in the Application having been overruled or withdrawn; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Committee is authorized to retain and employ Tucker Arensberg pursuant to sections 327, 328, 330 and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, as its special Pennsylvania counsel, effective as of July 8, 2022, on the terms set forth in the Application, the Shiner Declaration and in this Order.

2. Tucker Arensberg shall use its reasonable best efforts to avoid duplication of its services to the Committee with the services provided by any of the Committee's other retained professionals.

3. Tucker Arensberg shall maintain detailed, contemporaneous records of time expended and expenses incurred in connection with rendering legal services to the Committee.

4. Tucker Arensberg shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court. For billing purposes, Tucker Arensberg shall keep its time in one tenth (1/10) hour increments.

5. Subject to the Court's approval, the Debtors shall compensate Tucker Arensberg for its professional services to the Committee and reimburse it for its reasonable and necessary expenses, in each case, in accordance with the ordinary and customary rates in effect on the date the services are rendered or expenses incurred. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members.

6. Tucker Arensberg shall provide ten (10) business days' notice to the Committee, the Debtors, and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Application or the declarations attached to the Application, Tucker Arensberg shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

8. Tucker Arensberg will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Tucker Arensberg will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

9. The Committee and Tucker Arensberg are authorized to take all actions each of them deems necessary and appropriate to effectuate the relief granted in this Order.

10. To the extent that there may be any inconsistency between the terms of the Application, the Shiner Declaration, and this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Signed:

_____
The Honorable Marvin Isgur
United States Bankruptcy Judge