UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | § | Case No. 22-90054 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
(I) OBJECTION TO MOTION TO ALLOW LATE FILED CLAIMS; AND
(II) JOINDER TO DEBTORS' OBJECTION THERETO**
(Related Docket Nos. 1665 & 1787)

The Official Committee of Unsecured Creditors (the "Committee") hereby objects (this "Objection") to the *Motion to Allow Late-Filed Claims* [Docket No. 1665] (the "Motion") filed by the Burnett Plaintiffs and joins the *Debtors' Objection to the Motion to Allow Late Filed Claim* [Docket No. 1787] (the "Debtors' Objection").[2] While the Committee independently objects to the relief in the Motion, the arguments of the Debtors' Objection are incorporated herein by this reference. In further support of this Objection, the Committee represents as follows:

1. The Court should deny the Motion because the Burnett Plaintiffs simply do not meet their burden to demonstrate excusable neglect. Bankruptcy Rule 9006(b)(1) permits the extension of the bar date where the failure to timely act "was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1). Courts consider four factors, commonly referred to as the "*Pioneer*" factors, when deciding whether neglect is "excusable": "[(i)] the danger of prejudice to the debtor, [(ii)] the length of the delay and its potential impact on judicial proceedings, [(iii)] the reason for

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion or Debtors' Objection, as applicable.

DOCS_NY:46892.1 82853/002

the delay, including whether it was within the reasonable control of the movant, and [(iv)] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In the Fifth Circuit, "[e]xcusable neglect is the failure to timely perform a duty due to circumstances that were ***beyond the reasonable control*** of the person whose duty it was to perform." *W. Wilmington Oil Feild v. Nabors Corp. Servs. (In re CJ Holding Co.)*, 27 F.4th 1105, 1117 (5th Cir. 2022) (quoting *Jinil Steel Co. v. ValuePart, Inc. (In re ValuePart, Inc.)*, 802 F. App'x 143, 146 (5th Cir. 2020)) (emphasis in original and supplied).

2.  While the Burnett Plaintiffs claim to satisfy the *Pioneer* factors, the single factual assertion in the Motion intended to serve as the basis for their purported excusable neglect is that their failure to timely file proofs of claim was the "result of inadvertence, mistake, or miscommunication on the part of non-bankruptcy counsel, the claimants, or both." Motion, at ¶ 6. However, this generic statement is insufficient to show excusable neglect, in particular where **the exact same non-bankruptcy counsel who executed each of the Late Burnett Proofs of Claim also executed each of the Timely Burnett Proofs of Claim**. The Motion provides no justification as to why the non-bankruptcy counsel would have been authorized at the same time to execute and file some proofs of claim related to the Burnett Litigation but not others, or why it took over four months to file the Late Burnett Proofs of Claim and the Motion. Moreover, the Burnett Plaintiffs themselves acknowledge that the filing of proofs of claim "may have been" within their control. *Id.* at ¶ 16.

3.  In addition, despite the Burnett Plaintiffs' arguments to the contrary, allowing the claims would unjustifiably prejudice the Debtors' estates and general unsecured creditors. If the Burnett Plaintiffs ultimately prevail or enter into a settlement related to the Burnett Litigation, allowing the untimely filing of the Late Burnett Proofs of Claim will likely increase the total amount of general unsecured claims and proportionality decrease the *pro rata* recoveries for other

2

general unsecured creditors under the Plan, despite the lack of a meaningful justification to allow the Late Burnett Proofs of Claim.

4. Accordingly, the Burnett Plaintiffs do not meet their burden under the applicable standards, and the Court should (i) deny the Motion, and (ii) grant such other and further relief as may be just and proper under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: December 29, 2022    Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: 713-691-9385
Facsimile: 713-691-9407
Email:   mwarner@pszjlaw.com
            bwallen@pszjlaw.com

- and -

**MILBANK LLP**

Dennis F. Dunne (*admitted pro hac vice*)
Evan R. Fleck (*admitted pro hac vice*)
Matthew L. Brod (*admitted pro hac vice*)
Atara Miller (*admitted pro hac vice*)
Alexander B. Lees (*admitted pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219
Email:   ddunne@milbank.com
            efleck@milbank.com
            mbrod@milbank.com
            amiller@milbank.com
            alees@milbank.com

Alex G. Romain (*admitted pro hac vice*)
2029 Century Park East
Los Angeles, CA 90067
Telephone: 424-386-4000
Facsimile: 213-629-5063
Email:   aromain@milbank.com

*Counsel to the Official Committee of Unsecured Creditors*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2022, a true and correct copy of the above and foregoing has been served on all parties that are registered to receive electronic transmission through this Court's CM/ECF filing system in these cases.

/s/ *Michael D. Warner*
Michael D. Warner