IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | § | Case No. 22-90054 (MI) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**TALEN GUC TRUST'S MOTION FOR ORDER (I) FURTHER EXTENDING THE DEADLINE BY WHICH CERTAIN CIVIL ACTIONS MAY BE REMOVED AND (II) GRANTING RELATED RELIEF**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Talen GUC Trust ("GUC Trust") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby moves (this "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), further extending the deadline by which the Trust may file notices of removal under Bankruptcy Rule 9027(a) (the "Removal Deadline") for 92 days, from June 4, 2023 through and including September 4, 2023, solely with respect to the Non-Excluded Litigation Matters (as defined in the Plan (defined below)), as well as granting related relief.[2] In support of this Motion, the GUC Trust respectfully represents as follows:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy. The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2] Paragraph K.30 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion

1

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 28 U.S.C. § 1452, Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

**BACKGROUND**

A.   **General Background**

3. Commencing on May 9, 2022 (the "Petition Date"), Talen Energy Supply and certain of its affiliates (the "Initial Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code. On December 12, 2022, Talen Energy Corporation ("TEC," and together with the Initial Debtors, the "Debtors", and after the Effective Date (defined below), the "Reorganized Debtors") commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors operated their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 23, 2022, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases.

---

prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the Motion.

B.  **Extensions of the Removal Deadline**

5.  On August 8, 2022, the Debtors filed the *Debtors' Motion for an Order (I) Extending the Deadline by which the Debtors May Remove Civil Actions and (II) Granting Related Relief* [Docket No. 1036] (the "First Extension Motion").

6.  On September 8, 2022, the Court entered the *Order (I) Authorizing Debtors to Extend the Deadlines by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 1203], which granted the relief requested in the First Extension Motion by extending the Removal Deadline from August 8, 2022 to December 6, 2022.

7.  On December 4, 2023, the Debtors filed the *Motion of Debtors for Order Authorizing Debtors to Further Extend the Deadlines by which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 1618] (the "Second Extension Motion").

8.  On January 11, 2023, the Court entered the *Order (I) Authorizing Debtors to Further Extend the Deadlines by which the Debtors May Remove Civil Actions, and Granting Related Relief* [Docket No. 1801], which granted the relief requested in the Second Extension Motion by extending the Removal Deadline from December 6, 2022 to April 5, 2023.

9.  On April 5, 2023, the Debtors filed the *Motion of Debtors for Order (I) Further Extending the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief* [Docket No. 1954] (the "Third Extension Motion").

10. On April 27, 2023, the Court entered the *Order (I) Authorizing Debtors to Further Extend the Deadlines by which the Debtors May Remove Civil Actions, and Granting Related Relief* [Docket No. 2024] (the "Third Extension Order"), which granted the relief requested in the Third Extension Motion by extending the Removal Deadline from April 5, 2022 to June 4, 2023.

### C. Confirmation of Plan, Occurrence of Effective Date and Creation of the GUC Trust

11. On December 14, 2022, the Debtors filed the *Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Docket No. 1722] (as may have been amended, supplemented, or otherwise modified from time to time, and collectively with all exhibits thereto, the "Plan").[3] On December 20, 2022, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Docket No. 1760] (the "Confirmation Order"), confirming the Plan.

12. On May 17, 2023 (the "Effective Date"), the Debtors filed the *Notice of Effective Date of Joint Chapter 11 Plan of Talen Energy Supply, LLC and Its Affiliated Debtors* [Docket No. 2060], setting forth that, *inter alia*, the Effective Date of the Plan occurred on May 17, 2023.

13. On the Effective Date, the GUC Trust was established under the terms of the Plan and Confirmation Order, Michael D. Warner was appointed at the trustee of the GUC Trust (the "GUC Trustee,"), and the GUC Trust Assets were deemed to have vested in the GUC Trust as of such date, all as more fully set forth in the Plan. *See* Plan, Art. IV.N.1. A copy of the fully executed *GUC Trust Agreement*, dated as of May 17, 2023, was filed at Docket No. 2063.

14. Under the terms of the Plan, the "GUC Trustee shall be . . . a representative of the Estates of each of the Debtors appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to any matters involving Class 5A General Unsecured Claims, Class 5B Uri Other Claims, or Class 6A General Unsecured Convenience Class Claims under the Plan and for purposes of carrying out the GUC Trustee's duties under the GUC Trust Agreement." *Id.*

---

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

15. Additionally, Article VII.A of the Plan provides that, "[a]fter the Effective Date, . . . the GUC Trust . . . shall have and retain any and all rights and defenses the applicable Debtor had with respect to any Claim immediately before the Effective Date." Article VII.B. of the Plan in turn provides,

> after the Effective Date, the GUC Trustee on behalf of the GUC Trust shall have the sole authority, in the GUC Trustee's sole discretion, to continue to defend prosecute settle, compromise, dismiss, or in any other fashion address, at the GUC Trust's sole expense, the Non-Excluded Litigation Matters . . . in the Bankruptcy Court or in any other federal or state court or tribunal; and to the extent of the GUC Trustee's involvement in any Non-Excluded Litigation Matter, the GUC Trust shall be deemed to be the sole representative of the Debtors and the Estates in such Non-Excluded Litigation Matter. **The GUC Trustee**, on behalf of the GUC Trust, in its capacity as the sole representative of the Debtors and the Estates for such limited purpose in connection with any Non-Excluded Litigation Matters, **shall have the authority to file a proceeding to remove such Non-Excluded Litigation Matter from any court.**[4]

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or

---

[4] *See* Plan Art. I.A.118 ("'*Excluded Litigation Matters*' means, collectively, (i) Asbestos Claims, (ii) the Kinder Morgan Litigation, (iii) the Montana Hydroelectric Litigation, (iv) the Pension Litigation, (v) the PPL Adversary Proceeding, (vi) the Burnett Litigation, and (vii) the Colstrip Arbitration."); Plan Art. I.A.181 ("'*Non-Excluded Litigation Matters*' means litigation pending on the Petition Date in which any Debtor is named as a defendant or otherwise may be liable, other than any Excluded Litigation Matter.").

  (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to post-petition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [O]nly within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

  17. Bankruptcy Rule 9006(b) provides that the Court may extend the period within which the Debtors may remove actions provided by Bankruptcy Rule 9027, without notice, upon a showing for cause:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

  18. Ample cause exists to extend the Removal Deadline in these chapter 11 cases from the current deadline of June 4, 2023 to September 4, 2023. Since this Court entered the Third Extension Order, the Effective Date of the Plan has occurred and the GUC Trust was established—all just a couple of weeks before the current expiration of the Removal Deadline. While the GUC Trust received the benefit of the Claims analysis conducted by the Committee and its professionals, tens of thousands of Claims have been filed or scheduled in these Chapter 11 Cases. Certain of the Claims are based upon claims brought in civil actions in various jurisdictions in which the Debtors are parties (collectively, the "Civil Actions"). Certain of these Civil Actions qualify as Non-Excluded Litigation Matters under the Plan, which are subject to the sole authority of the GUC Trust on behalf of the Estates under the Plan.

19. While the GUC Trust's efforts to evaluate the Claims, including those related to the Non-Excluded Litigation, are ongoing and proceeding in earnest following the occurrence of the Effective Date, the GUC Trust is still evaluating, investigating, reconciling, and otherwise analyzing the Claims under the GUC Trust in accordance with the Plan. In that regard, the GUC Trust's analysis regarding which, if any, of these Non-Excluded Litigation Matters it may seek to remove depends on a number of factors, including but not limited to the: (i) importance of the Non-Excluded Litigation Matters to the resolution of the related Claim, (ii) presence of federal subject matter jurisdiction, (iii) the necessity of pursuing and litigating or liquidating the Non-Excluded Litigation Matters and whether a reasonable settlement may be reached, and (iv) timing required to complete the litigation or liquidation of Non-Excluded Litigation Matters in its current venue. Although the GUC Trust does not currently intend to remove any Non-Excluded Litigation Matters, the GUC Trust seeks a reasonable extension of the Removal Deadline from the current deadline of June 4, 2023 to September 4, 2023, to protect its right to remove those Non-Excluded Litigation Matters as it conducts its analysis thereof.

20. An extension of the Removal Deadline will afford the GUC Trust an opportunity to make more fully informed decisions concerning the removal of any Non-Excluded Litigation Matters and will assure that the GUC Trust not indiscriminately forfeit the valuable rights afforded to the Estates under 28 U.S.C. § 1452. Therefore, the GUC Trust believes that it is prudent to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the current deadline of June 4, 2023, through and including September 4, 2023. Furthermore, an extension would not prejudice the rights of applicable adversaries in the Non-Excluded Litigation Matters because any party to an action that is removed may seek to have the action remanded to state court pursuant to 28 U.S.C. § 1452(b).

21. For the reasons stated above, the GUC Trust submits that cause exists to grant this Motion, and that the relief requested herein is appropriate.

## NOTICE

22. Notice of this Motion will be provided to (i) any party entitled to notice pursuant to Bankruptcy Rule 2002, (ii) the non-Debtor parties to the various Civil Actions (including the Non-Excluded Litigation Matters), and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**WHEREFORE**, the GUC Trust respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: June 2, 2023                              Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Benjamin L. Wallen*
Ayala A. Hassell (TX Bar No. 01009800)
Benjamin L. Wallen (TX Bar No. 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: ahassell@pszjlaw.com
bwallen@pszjlaw.com

 - and -

Judith Elkin, Esq. (TX Bar No. 06522200)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7781
Facsimile: (212) 561-7777
Email:       jelkin@pszjlaw.com

*Counsel to the Talen GUC Trust*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 2, 2023, a true and correct copy of the foregoing document was caused to be served by the Court's CM/ECF Filing System for the United States Bankruptcy Court for the Southern District of Texas on the parties that are registered to receive electronic notices.

                                                        */s/ Benjamin L. Wallen*
                                                        Benjamin L. Wallen