**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | : | Case No. 22-90054 (MI) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**COVER SHEET TO FINAL FEE APPLICATION OF
TUCKER ARENSBERG, P.C. FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS SPECIAL PENNSYLVANIA COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JULY 8, 2022, THROUGH MAY 17, 2023**

**Complex Case Fee Application Coversheet (Hourly)**

| | | | |
|---|---|---|---|
| **Name of Applicant:** | | Tucker Arensberg, P.C. | |
| **Applicant's Role in Case:** | | Special Pennsylvania Counsel to the Official Committee of Unsecured Creditors | |
| **Docket No. of Employment Order(s):** | | Docket No. 1134, effective July 8, 2022 | |
| **Interim Application ( X )    No.    4**<br>**Final Application    ( X )** | | This is the Final Fee Application | |
| | | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | | 2/1/2023 | 5/17/2023 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?**  Yes. | | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?**  Yes. | | | |

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

**Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases?** Yes.

**Do expense reimbursements represent actual and necessary expenses incurred?** N/A

| Compensation Breakdown for Time Period Covered by this Application | |
|---|---|
| Total professional fees requested in this Application: | $145,746.10 |
| Total professional hours covered by this Application: | 244.00 |
| Average hourly rate for professionals: | $717.50 |
| Total paraprofessional fees requested in this Application: | $0.00 |
| Total paraprofessional hours covered by this Application: | 0 |
| Average hourly rate for paraprofessionals: | $0.00 |
| Total fees requested in this Application: | $145,746.10 |
| Total expense reimbursements requested in this Application: | $0.00 |
| Total fees and expenses requested in this Application: | $145,746.10 |
| Total fees and expenses awarded in all prior Applications: | $142,807.10 |

**Plan Status:** Following the confirmation hearing held on December 15, 2022, the Court entered an order [Docket No. 1760] confirming the Joint Chapter 11 Plan of Talen Energy Supply, LLC and its Affiliated Debtors [Docket Nos. 1570 & 1694] (as may be further amended or modified, the "Plan") on December 20, 2022. The effective date of the Plan occurred on May 17, 2023 [Docket No. 2060].

**Primary Benefits:** Tucker Arensberg provided critical professional advice and other services to the Committee, including an investigation into certain liens and other property rights granted under Pennsylvania law in connection with various prepetition financing transactions. Specifically, Tucker Arensberg assisted the Committee by, inter alia, reviewing and analyzing loan, guaranty, security documents, mortgage documents and intercreditor agreements; researching relevant issues under Pennsylvania law relating to open-end mortgages, the material modification doctrine, and dragnet clauses; drafting memoranda regarding the same; and communicating with lead counsel for the Committee.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

Dated:  June 30, 2023

TUCKER ARENSBERG, P.C.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esq.
1500 One PPG Place
Pittsburgh, PA 15222
Telephone:  (412) 566-1212
Email: mshiner@tuckerlaw.com

*Special Pennsylvania Counsel to the Official*
*Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | : | Case No. 22-90054 (MI) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**FINAL FEE APPLICATION OF TUCKER ARENSBERG, P.C. FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS SPECIAL PENNSYLVANIA COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD FROM JULY 8, 2022, THROUGH MAY 17, 2023</u>**

---

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.
UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR
RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN
TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED.
OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND
GRANT THE RELIEF REQUESTED.**

---

Tucker Arensberg, P.C. ("Tucker Arensberg"), Special Pennsylvania Counsel to the
Official Committee of Unsecured Creditors (the "Committee"), hereby files this Application (the
"Application") seeking (i) the interim allowance of compensation for services rendered and
necessary expenses for the period from February 1, 2023, through May 17, 2023 (the "Fourth
Interim Application Period"), and (ii) the allowance on a final basis of compensation for services
rendered and necessary expenses for the period from July 8, 2022, through May 17, 2023 (the
"Final Application Period"), pursuant to sections 330 and 331 of Title 11 of the United States Code
(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the
"Bankruptcy Rules"), and Rules 2016-1 and 9013-1 of the Local Bankruptcy Rules of the United

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is
1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 631] (the "Interim Compensation Order").  For the Fourth Interim Application Period, Tucker Arensberg seeks the interim allowance of $2,939.00 as fees for services rendered and $0.00 as reimbursement of expenses incurred.  In addition, for the Final Application Period, Tucker Arensberg seeks final allowance of $149,360.60 as fees for services rendered and $0.00 as reimbursement of expenses.  In support of the Application, Tucker Arensberg submits the declaration of Michael A. Shiner attached hereto as **Exhibit 1** and a proposed order granting the Application attached hereto as **Exhibit 2**.  In further support of this Application, Tucker Arensberg respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 330, 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND

### A.      General Case Background

4.      On May 9 and May 10, 2022 (together, the "Petition Date"), Talen Energy Supply, LLC and 71 affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief

under 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5.      The Debtors are authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner to date in the Bankruptcy Case.

6.      A description of the Debtors' business, corporate structure, and events leading to the Bankruptcy Case is set forth in the *Declaration of Ryan Leland Omohundro in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") and is incorporated herein by reference.  [Doc. No. 16.]

7.      On May 23, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").  [Doc. No. 264.]

8.      On December 20, 2022 (the "Confirmation Date"), the Court entered an order [Docket No. 1760] (the "Confirmation Order"), *inter alia*, confirming the Plan (as such term is defined in the Confirmation Order).

9.      On May 17, 2023, the Debtors filed a notice [Doc. No. 2060], setting forth that the effective date of the Plan occurred on May 17, 2023 (the "Effective Date").  Upon the occurrence of the Effective Date, the Committee was dissolved, except for the limited purpose of, *inter alia*, prosecuting final fee applications with respect to the Committee's professionals.  *See* Plan Art. XII.L.

A.      **Committee's Retention of Tucker Arensberg**

10.     On July 7, 2022, the Debtor filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Retention of Tucker Arensberg, P.C. as Special Pennsylvania Counsel, Effective as of July 8, 2022* (the "Retention Application"). [Doc. No. 979.]  As described in the Retention Application, Tucker Arensberg was retained by

the Committee as of July 8, 2022.  Tucker Arensberg also filed a statement disclosing compensation received in connection with the Bankruptcy Case (the "Disclosure of Compensation") as required under Rule 2016.  [*See* Declaration of Michael A. Shiner, Doc. No. 979-2.]

11.     On August 29, 2022, the Court entered the *Order Authorizing and Approving the Retention and Employment of Tucker Arensberg, P.C. as Special Pennsylvania Counsel to the Official Committee of Unsecured Creditors, Effective July 8, 2022* (the "Retention Order") authorizing Tucker Arensberg's retention by the Committee.  [Doc. No. 1134.]

12.     The Retention Order also authorizes the Committee to compensate Tucker Arensberg at its hourly rates charged for services of this type and for the firm's actual, necessary expenses incurred in connection with such services rendered during the Application Period.  The Retention Order permits Tucker Arensberg to work with the Committee's counsel, Milbank LLP ("Milbank"), to assist Milbank with an investigation into certain liens and other property rights granted under Pennsylvania law in connection with various prepetition financing transactions.

13.     On June 24, 2022, the Court entered the Interim Compensation Order.  Pursuant to the Interim Compensation Order, Confirmation Order, and Plan, Tucker Arensberg filed three prior interim Fee Applications, each of which was approved by Order of this Court.  [Doc. Nos. 1449, 1817, 1999.]

14.     Prior to this Application, Tucker Arensberg has been paid $142,807.00.  No amount of compensation and expenses incurred during in the Fourth Interim Application Period have been paid to Tucker Arensberg.

## SUMMARY OF INTERIM COMPENSATION AND
## REIMBURSEMENT OF EXPENSES REQUESTED DURING
## THE FOURTH INTERIM APPLICATION PERIOD

15.     Tucker Arensberg, in connection with services rendered on behalf of the Committee, respectfully requests compensation for actual and necessary professional services rendered in the amount of $2,939.00 and reimbursement of actual, necessary expenses in the amount of $0.00, for an aggregate total of $2,939.00 that Tucker Arensberg incurred for the Fourth Interim Application Period.  During the Fourth Interim Application Period, Tucker Arensberg attorneys and paraprofessionals expended a total of 5.6 hours for which compensation is requested.

16.     Pursuant to the Interim Compensation Order, during the Fourth Interim Application Period, Tucker Arensberg has submitted one monthly fee statement (the "Fee Statement") for the calendar month of March 2023, reflecting fees in the amount of $2,3939.00 and no expenses, and Tucker Arensberg incurred no other fees or expenses during the Fourth Interim Application Period.  As of the date of this Application, the objection deadline for Tucker Arensberg's March 2023 Monthly Statement has not yet passed and Tucker Arensberg has not received any payments with respect thereto.  The fees charged by Tucker Arensberg in this Bankruptcy Case are billed in accordance with Tucker Arensberg's existing billing rates and procedures in effect during the Fourth Interim Application Period.  The rates Tucker Arensberg charges for the services rendered by its professionals and paraprofessionals in these Cases generally are the same rates Tucker Arensberg charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

17.     During the Fourth Interim Application Period, Tucker Arensberg received no payment from the Debtors and no promises of payment from any other source than permitted amounts paid by the company for services rendered or to be rendered in any capacity whatsoever with respect to the matters covered by this Application.  There is no agreement or understanding between Tucker Arensberg and any other person for the sharing of compensation to be received for services rendered in the Bankruptcy Case.

18.     As set forth in the declaration of Michael A. Shiner in support of the Retention Application, Tucker Arensberg is a disinterested person and does not represent or hold an interest adverse to the interest of the Committee or the Debtor's estate on the matters for which it was retained.  [*See* Doc. No. 979-2.]

19.     Attached hereto as **Exhibit 3** is a summary breakdown of hours and amounts billed by timekeeper.  The summary sheet lists those Tucker Arensberg professionals, paraprofessionals, and other personnel who have performed services for the Committee during the Fourth Interim Application Period, the capacities in which each individual is employed by Tucker Arensberg, the department in which each individual practices, the hourly billing rate charged by Tucker Arensberg for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

20.     Tucker Arensberg maintains records of the time spent by all Tucker Arensberg professionals and of all and necessary expenses incurred by Tucker Arensberg in connection with its representation of the Committee.  Copies of Tucker Arensberg's itemized time records for professionals performing services for the Debtor and itemized and necessary expenses incurred during the Application Period are attached hereto as **Exhibit 4**.

## SUMMARY OF SERVICES RENDERED DURING
## THE FOURTH INTERIM APPLICATION PERIOD

21.     During the Fourth Interim Application Period, Tucker Arensberg incurred fees in conjunction with the preparation and completion of fee applications as permitted by sections 330 and 331 of the Bankruptcy Code.  Summaries of significant services are detailed below in accordance with Tucker Arensberg's internal system of project categories:

**A.      Fee Applications—**
Fees: $2,939.00, Total Hours: 5.6

22.     Under this project category, Tucker Arensberg analyzed and prepared its itemized time entries and fee applications in accordance with the Court's Interim Compensation Order entered in the Bankruptcy Case, and communicated with Milbank and the Committee regarding the same.

23.     The foregoing professional services performed by Tucker Arensberg were necessary and appropriate to the administration of this Bankruptcy Case.  Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.

## RELIEF REQUESTED

24.     The professional services performed by Tucker Arensberg on behalf of the Committee during the Application Period required an aggregate expenditure of 5.6 hours by Tucker Arensberg's partners.   Of the aggregate time expended, 5.6 recorded hours were expended by partners of Tucker Arensberg.

25.      During the Fourth Interim Application Period, Tucker Arensberg billed the Committee for time expended by attorneys based on hourly rates ranging from $490.00 to $815.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a

blended hourly billing rate of approximately $652.50 (based on 5.6 recorded hours for professionals at Tucker Arensberg's agreed billing rates in effect at the time of the performance of services).

26.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed expediently and efficiently.   Whenever possible, Tucker Arensberg sought to minimize the costs of its services to the Committee by utilizing junior attorneys and law clerks to handle the more routine aspects of case administration.

27.     In sum, the services rendered by Tucker Arensberg during the Fourth Interim Application Period were necessary and beneficial to seek the approval of Tucker Arensberg's fees incurred during its engagement with the Committee and to enable Tucker Arensberg to receive payment of those fees in compliance with sections 330 and 331 of the Bankruptcy Code. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## FINAL APPLICATION PERIOD

28.     The professional services performed by Tucker Arensberg on behalf of the Committee during the Final Application Period (which includes the Forth Interim Application Period, for which interim relief is concurrently requested herein) required an aggregate expenditure of more than 244 hours by Tucker Arensberg's partners, senior counsel, associates, paraprofessionals and other professionals.   Of the aggregate time expended in the Final Application Period, 146.3 recorded hours were expended by partners of Tucker Arensberg, 23.3 recorded hours were expended by senior counsel, 46.7 recorded hours were expended by

associates, and 27.7 recorded hours were expended by paraprofessionals and others of Tucker Arensberg.

29.     During the Final Application Period, Tucker Arensberg billed the Committee for time expended by attorneys based on hourly rates ranging from $335.00 to $1,100.00 per hour for attorneys.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $717.50 (based on 244.00 recorded hours for professionals at Tucker Arensberg's agreed billing rates in effect at the time of the performance of services).

30.     Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expediently and efficiently.  Whenever possible, Tucker Arensberg sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

31.     In sum, the services rendered by Tucker Arensberg during the Final Application Period were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, the final approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## BASIS FOR THE RELIEF REQUESTED

32.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

33.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.     the time spent on such services;
> B.     the rates charged for such services;
> C.     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> D.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> E.     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> F.     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.     In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Fifth Circuit *in Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) which incorporates and expands upon the requirements of section 330 of the Bankruptcy Code.  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation

and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8. In *In re Fourth Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Fifth Circuit applied the Johnson factors to the analysis of fee awards in bankruptcy cases.

35.     Under an analysis utilizing the *Johnson* factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, Tucker Arensberg submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount.  Tucker Arensberg devoted a substantial amount of time and effort addressing the numerous issues involved in these Cases, as summarized above and detailed in Exhibit 4 hereto.  Whenever possible, Tucker Arensberg sought to minimize the costs of its services to the Committee by utilizing junior attorneys to handle the more routine aspects of case administration.

36.     Tucker Arensberg respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to represent the Committee as Special Pennsylvania Counsel effectively and efficiently.

37.     Further, Tucker Arensberg submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Committee:

        a.     *The Time and Labor Required*.  The professional services rendered by Tucker Arensberg on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch.  Tucker Arensberg respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

b.     *The Novelty and Difficulty of Questions*.  These Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in host of areas in connection with the Debtors' restructuring efforts.  Tucker Arensberg's efforts and effective assistance was for the purpose of maximizing value for the benefit of the estate and its stakeholders.

c.     *The Skill Required to Perform the Legal Services Properly*.  Tucker Arensberg believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective representation of the Committee in these Cases.

d.     *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*.  Tucker Arensberg's representation of the Committee has not precluded its acceptance of new clients.  However, the issues that have arisen in these Cases required attention on a continuing, and often times emergent, basis, requiring Tucker Arensberg's professionals to commit significant portions of their time to these cases.

e.     *The Customary Fee*.  The fees sought herein are based upon Tucker Arensberg's normal hourly rates for services of this kind.  Tucker Arensberg respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  Tucker Arensberg's hourly rates and the fees requested herein are commensurate with fees Tucker Arensberg has been awarded in other cases, as well as with fees charged by other attorneys of comparable experience.

f.     *Whether the Fee is Fixed or Contingent*.  The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

g.     *Limitations Imposed by Client or other Circumstances*.  Tucker Arensberg provided capable legal representation within the time limitations imposed under the unique circumstances of these cases. The issues that have arisen in these Cases, particularly with respect to the disputes among the various stakeholders, required attention on a continuing, and often times emergent, basis.

h.     *The Amount Involved and Results Obtained*.  For the reasons described above, Tucker Arensberg respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

i.     *The Experience, Reputation and Ability of the Attorneys*.    Tucker Arensberg is a professional association whose more than 75 attorneys practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; corporate, finance and business transactions; employment and other phases of the law.    Tucker Arensberg has represented debtors, creditors, fiduciaries, and numerous other parties in cases before the Bankruptcy Courts for the Southern District of Texas as well as in various other Bankruptcy Courts throughout the country.

j.     *The Undesirability of the Case*.  Not applicable.

k.     *Nature and Length of Professional Relationship*.  Not applicable.

l.     *Awards in Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Tucker Arensberg has been awarded in other chapter 11 cases.

38.     In sum, the services rendered by Tucker Arensberg were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Consistent with Section 331 of the Bankruptcy Code, this is Tucker Arensberg's fourth interim fee request since the Petition Date. *See* 11 U.S.C. § 331.  Additionally, this Application requests approval of the fees and expenses incurred by Tucker Arensberg during the Final Application Period in accordance with section 330 of the Bankruptcy Code.  *See* 11 U.S.C. § 330.

39.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Tucker Arensberg respectfully requests that the Court: (a) approve the interim allowance for the period from February 1, 2023, through and including May 17, 2023 in the amount of $2,939.00, consisting of fees for professional services rendered to the Committee in the amount of $2,939.00 and out-of-pocket expenses incurred in connection with the rendering of such services in the amount of $0.00; (b) approve final allowance for the period from July 8, 2022 through and including May 17, 2023, in the amount of $145,746.10, consisting of fees for

professional services rendered to the Committee in the amount of $145,746.10 and out-of-pocket expenses incurred in connection with the rendering of such services in the amount of $0.00; and (c) grant such other or further relief as may be just and proper under the circumstances.

Respectfully submitted,

Dated:  June 30, 2023                         TUCKER ARENSBERG, P.C.

*/s/ Michael A. Shiner*
Michael A. Shiner, Esq.
1500 One PPG Place
Pittsburgh, PA 15222
Telephone:  (412) 566-1212
Email: mshiner@tuckerlaw.com

*Special Pennsylvania Counsel to the Official Committee of Unsecured Creditors*

# **EXHIBIT 1**

Declaration of Michael A. Shiner

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | : | Case No. 22-90054 (MI) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**DECLARATION OF MICHAEL A. SHINER IN SUPPORT OF FINAL FEE
APPLICATION OF TUCKER ARENSBERG, P.C. FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS SPECIAL PENNSYLVANIA COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JULY 8 2023, THROUGH MAY 17, 2023**

I, Michael A. Shiner, declare under penalty of perjury:

1.        I am a partner with the law firm of Tucker Arensberg, P.C. ("Tucker Arensberg")
which maintains offices at 1500 One PPG Place, Pittsburgh, Pennsylvania 15222, and elsewhere
in Pennsylvania, New York and California.  I am the lead attorney from Tucker Arensberg, which
is currently serving as special Pennsylvania counsel for the Official Committee of Unsecured
Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the
"Debtors").

2.        I have read the *Final Fee Application of Tucker Arensberg, P.C. for Allowance of
Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special
Pennsylvania Counsel to the Official Committee of Unsecured Creditors for the Period from July
8, 2022, through May 17, 2023* (the "Application"), filed contemporaneously herewith.[2]  To the

---

[1]        A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is
1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

[2]        Capitalized terms used but not defined herein shall have the meanings assigned to them in the Application.

best of my knowledge, information, and belief, formed after reasonable inquiry, the statements

contained in the Application are true and correct.  In addition, I believe that the Application is in

conformity with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local

Rules, and this Court's orders.

3.      In connection therewith, I hereby certify that:

a.      The fees and disbursements sought in the Application are billed at rates customarily employed by Tucker Arensberg and generally accepted by Tucker Arensberg's clients.  In addition, none of the professionals seeking compensation varied their hourly rates based on the geographic location of the Debtors' cases;

b.      In providing a reimbursable expense, Tucker Arensberg does not make a profit on that expense, whether the service is performed by Tucker Arensberg in-house or through a third party;

c.      In accordance with Bankruptcy Rule 2016(a) and Bankruptcy Code section 504, no agreement or understanding exists between Tucker Arensberg and any other person for the sharing of compensation to be received in connection with these Cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules and Local Rules; and

d.      All services for which compensation is sought were professional services on behalf of the Committee and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Executed on June 30, 2023, in Pittsburgh, Pennsylvania.

*/s/ Michael A. Shiner*
Michael A. Shiner

# **EXHIBIT 2**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TALEN ENERGY SUPPLY, LLC, *et al.*[1] | : | Case No. 22-90054 (MI) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors. | : |  |
|  | : |  |

**FINAL ORDER ALLOWING COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES OF TUCKER ARENSBERG, P.C.**
(Related Docket No. _____)

The Court has considered the Final Application for Compensation and Reimbursement of Expenses filed by Tucker Arensberg P.C. (the "Applicant").  The Court orders:

1.      Applicant is allowed compensation and reimbursement of expenses in the amount of $145,746.10 for the period set forth in the application.

2.      The compensation and reimbursement of expenses allowed in this order and all previous interim allowances of compensation and reimbursement of expenses are approved on a final basis.

3.      The Debtors are authorized to disburse any unpaid amounts allowed by paragraphs 1 or 2 of this Order.

Dated: _____, 2023

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

---

[1]      A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/talenenergy.  The Debtors' primary mailing address is 1780 Hughes Landing Boulevard, Suite 800, The Woodlands, Texas 77380.

# **EXHIBIT 3**

Timekeeper Summary

## COMPENSATION BY PROFESSIONAL

The attorneys who rendered professional services in this Bankruptcy Case from February 1, 2023, to May 17, 2023 (the "Fourth Interim Application Period") are:

| NAME OF PROFESSIONAL | POSITION | DEPT. | YEAR ADMITTED | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMP. |
|---|---|---|---|---|---|---|
| Shiner, Michael A. | Partner | ICR | 1996 | $815.00 | 0.6 | $489.00 |
| Thomas, Maribeth | Partner | ICR | 2008 | $490.00 | 5.0 | $2,450.00 |
| **TOTAL FOR ATTORNEYS** | | | | | **5.6** | **$2,939.00** |

No paraprofessionals and other staff rendered professional services in this Bankruptcy Case during the Fourth Interim Application Period.

| NAME OF PARAPROFESSIONAL OR LAW CLERK | POSITION | DEPT. | HOURLY BILLING RATE | TOTAL HOURS BILLED | TOTAL COMP. |
|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A |
| **TOTAL FOR PARAPROFESSIONALS AND OTHER STAFF** | | | | **N/A** | **N/A** |

## COMPENSATION BY PROFESSIONAL CATEGORY

| PROFESSIONALS | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| Partner | 5.6 | $2,939.00 |
| **TOTAL FEES** | **5.6** | **$2,939.00** |

## COMPENSATION BY PROJECT CATEGORY

| PROJECT CATEGORY | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|
| Fee Applications | 5.6 | $2,939.00 |
| **TOTALS** | **5.6** | **$2,939.00** |

## ITEMIZED EXPENSES

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| N/A | N/A |
| **TOTALS** | **N/A** |

# **Exhibit 4**

Itemization of Time Records

| | | | | | FEE APPLICATIONS |
|---|---|---|---|---|---|
| **Date** | **Professional** | **Matter** | **Amount** | **Hours** | **Narrative** |
| 3/13/2023 | Shiner, Michael A. | 195188 | $163.00 | 0.2 | EMAILS WITH MARIBETH THOMAS AND C. PRICE RE THIRD QUARTERLY APPLICATION (.1); CORRESPONDENCE WITH MARIBETH THOMAS RE SAME (.1) |
| 3/13/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | DRAFT MONTHLY FEE STATEMENT FOR NOVEMBER 2022 |
| 3/13/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | DRAFT MONTHLY FEE STATEMENT FOR DECEMBER 2022 |
| 3/13/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | DRAFT MONTHLY FEE STATEMENT FOR JANUARY 2023 |
| 3/13/2023 | Thomas, Maribeth | 195188 | $539.00 | 1.1 | DRAFT THIRD INTERIM FEE APPLICATION AND EXHIBITS THERETO |
| 3/16/2023 | Shiner, Michael A. | 195188 | $81.50 | 0.1 | EMAILS WITH C. PRICE AND MARIBETH THOMAS RE FILING DATE FOR FEE APPS (.1) |
| 3/17/2023 | Shiner, Michael A. | 195188 | $81.50 | 0.1 | EMAILS WITH MARIBETH THOMAS AND K. LABRADA RE FILING OF TAPC FEE APPLICATION (.1) |
| 3/22/2023 | Shiner, Michael A. | 195188 | $81.50 | 0.1 | EMAILS WITH C. PRICE AND K. LABRADA RE THIRD INTERIM FEE APPLICATIONS |
| 3/24/2023 | Shiner, Michael A. | 195188 | $81.50 | 0.1 | EMAILS WITH C. PRICE RE INTENTION TO FILE FEE APPLICATIONS TODAY (.1) |
| 3/14/2023 | Thomas, Maribeth | 195188 | $98.00 | 0.2 | EXCHANGE EMAILS WITH MICHAEL A. SHINER REGARDING THIRD INTERIM FEE APPLICATION AND CERTAIN MONTHLY FEE STATEMENTS |
| 3/16/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | PROOFREAD/EDIT THIRD INTERIM FEE APPLICATION AND MONTHLY FEE STATEMENTS FOR NOVEMBER 2022, DECEMBER 2022, AND JANUARY 2023; EMAIL THE SAME TO CRAIG PRICE FOR FILING |
| 3/17/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | REVISE THIRD INTERIM FEE APPLICATION; EXCHANGE MULTIPLE EMAILS WITH KERRI LABRADA REGARDING THE SAME |
| 3/14/2023 | Thomas, Maribeth | 195188 | $98.00 | 0.2 | EXCHANGE EMAILS WITH MICHAEL A. SHINER REGARDING THIRD INTERIM FEE APPLICATION AND CERTAIN MONTHLY FEE STATEMENTS |
| 3/16/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | PROOFREAD/EDIT THIRD INTERIM FEE APPLICATION AND MONTHLY FEE STATEMENTS FOR NOVEMBER 2022, DECEMBER 2022, AND JANUARY 2023; EMAIL THE SAME TO CRAIG PRICE FOR FILING |
| 3/17/2023 | Thomas, Maribeth | 195188 | $245.00 | 0.5 | REVISE THIRD INTERIM FEE APPLICATION; EXCHANGE MULTIPLE EMAILS WITH KERRI LABRADA REGARDING THE SAME |
| **TOTAL** | | | **$2,939.00** | **5.6** | |